**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.                    Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; CHRISTOPHER W.
KEEGAN; and META PLATFORMS, INC.,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR SCHEDULING DIRECTIVE

## REGARDING RULE 26(f) CONFERENCE AND CASE MANAGEMENT REPORT

Plaintiff Marvelle J. Ballentine, proceeding *pro se*, respectfully requests that the Court enter a scheduling directive establishing the timeline and format for the Rule 26(f) planning conference and the Case Management Report required under Local Rule 3.02(a)(2).

**Time-Sensitive Designation (Local Rule 3.01(f)).** Plaintiff respectfully requests a ruling on this motion by April 4, 2026. The Case Management Report deadline under Local Rule 3.02(a)(2) is April 27, 2026 — forty days from March 18, 2026, the date of the first defendant's appearance. Plaintiff's proposed schedule contemplates circulation of the proposed CMR to all counsel by April 6, 2026. A ruling before that date is necessary for the parties to proceed under a court-directed framework in advance of the CMR deadline.

## CURRENT STATUS

1.      Defendants Anderson and Keegan appeared in this action on March 18, 2026, by filing a joint motion to dismiss (Dkt. 26). Anderson's response to the operative pleading was not due until April 3, 2026. Keegan's response was not due until April 21, 2026. The joint motion to dismiss was filed sixteen days before Anderson's deadline and thirty-four days before Keegan's deadline. The 40-day Case Management Report deadline under Local Rule 3.02(a)(2) began running on March 18, 2026. The CMR is due on or before April 27, 2026.

2.      Defendant Meta Platforms, Inc. was served with the Second Amended Complaint on March 20, 2026. As of the date of this motion, Meta has not appeared.

3.      On March 20, 2026, Plaintiff filed the following: Plaintiff's Opposition to Defendants Anderson and Keegan's Motion to Dismiss; and Plaintiff's Notice of Designated Communication Protocol. On the same date, Plaintiff transmitted a written proposal to all counsel proposing that the Rule 26(f) conference be conducted by written exchange, jointly among all appearing parties, with Plaintiff's proposed CMR circulated by April 6 and defendant responses due by April 13. Plaintiff requested confirmation of this structure by March 25, 2026.

## THE COMMUNICATION ENVIRONMENT

4.      Plaintiff is proceeding without counsel against three defendants in this action and against additional defendants in a related civil rights action before this Court, *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 6:26-cv-00376-

2

AGM-RMN. Two of the largest law firms in the country represent defendants across both matters. Kirkland & Ellis LLP represents Defendants Anderson and Keegan in this action and represents Accenture LLP in the related 376 case. Orrick, Herrington & Sutcliffe LLP represents Defendant Meta Platforms, Inc. in this action and represents both Meta and Genpact Limited in the related 376 case. Multiple attorneys across both firms have appeared, filed motions, or communicated with Plaintiff in connection with these matters.

5.    In the weeks preceding the filing of the operative pleadings in both actions, Plaintiff received communications from both Kirkland and Orrick that required review within compressed timeframes. The volume and timing of these communications prompted Plaintiff to phase service of remaining defendants to allow for orderly plaintiff-side case management.

6.    Between March 17 and March 18, 2026, Plaintiff transmitted settlement offers to Defendants Anderson and Keegan, and to Defendant Accenture LLP in the related 376 case, through Kirkland & Ellis LLP. Following those transmissions, Plaintiff received multiple communications from Kirkland in close succession, including a request that Plaintiff state whether he agreed to the appearance of Defendant Anderson — a named defendant in this action — as *pro hac vice* counsel in the related civil rights action, Case No. 6:26-cv-00376-AGM-RMN.

7.    On March 18, 2026, Kirkland & Ellis LLP filed the joint motion to dismiss on behalf of Anderson and Keegan in this action (Dkt. 26). On the same date, Kirkland filed a motion to dismiss on behalf of Accenture LLP in the related 376 case (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 29). The following day, March 19, 2026, Genpact Limited filed a motion for extension of time in the 376

case (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 31) without conferral with Plaintiff.

8.      Within a 48-hour window from March 18 to March 19, 2026, Plaintiff — a single individual managing three concurrent dockets — received two dispositive motions filed across two federal cases, a pro hac vice application, and an ex parte extension motion, generated by attorneys at two firms. Plaintiff also received multiple separate communications from Kirkland & Ellis LLP between March 17 and March 18, 2026, addressing distinct procedural matters that could have been consolidated into a single correspondence. This concentration of concurrent litigation activity directed at a single pro se litigant is the factual predicate for the communication protocol filed on March 20, 2026, and for the written exchange format requested in this motion.

9.      On March 18, 2026, Plaintiff served a conferral request regarding potential disqualification of Kirkland & Ellis LLP from this action and from the related 376 case. Upon reflection, Plaintiff rescinded that conferral on March 19, 2026, out of deference to the defendants' right to retain counsel of their choice. Plaintiff does not intend to pursue disqualification.

10.     On March 19, 2026, Plaintiff communicated the designated communication protocol to all counsel. On March 20, 2026, Plaintiff filed a Notice of Designated Communication Protocol and supporting Declaration with this Court. The protocol designates a communication intermediary through whom all correspondence from defense counsel is received and processed. Plaintiff's communications are reviewed on a defined schedule — Monday and Thursday — and all outbound communications are transmitted through the intermediary in PDF format.

11.    Kirkland & Ellis LLP raised objections to the protocol as initially communicated and proposed a modification: that counsel copy the intermediary on all correspondence directed to Plaintiff, rather than redirect communications to the intermediary as the primary recipient. *Plaintiff accepted Kirkland's proposed modification* and communicated the revised protocol to all counsel on March 20, 2026.

## WHY A WRITTEN EXCHANGE IS NECESSARY FOR THE RULE 26(f) CONFERENCE

12.    The communication protocol described above exists because the volume, timing, and compressed deadlines of defense communications have required Plaintiff to implement structural protections in order to continue prosecuting these actions. The review schedule — Monday and Thursday — reflects the pace at which a single individual managing three concurrent dockets can responsibly process, evaluate, and respond to litigation correspondence from multiple firms.

13.    A telephonic or video Rule 26(f) conference conducted in real time would bypass the communication protocol that is currently in effect and that both firms have been asked to confirm. A real-time conference would require Plaintiff to receive, process, and respond to proposals from counsel for three defendants — two of the largest law firms in the country — without the deliberation time that the protocol is designed to provide.

14.    Plaintiff has observed a pattern across both federal matters in which defense counsel communicates conferral requests, extension requests, and other time-sensitive proposals with compressed response deadlines. Each such

5

communication requires Plaintiff's individual review, evaluation, and response. Plaintiff acknowledges that defense counsel is entitled to employ whatever litigation strategy it determines is appropriate. Plaintiff is equally entitled to establish boundaries that allow him to meet his obligations to the Court while managing the demands of multi-party, multi-docket litigation as a sole individual. A written exchange for the Rule 26(f) conference is the least restrictive format that preserves Plaintiff's ability to participate on equal footing.

15.    Local Rule 3.02(a)(1) expressly permits the planning conference to be conducted "by comparable means." A written exchange produces a complete record of each party's position, eliminates the asymmetry between a single pro se litigant and multiple defense teams conferring in real time, and is conducive to the deliberation required for meaningful case management proposals.

## THE ANDERSON/KEEGAN EARLY FILING AND THE CONFERRAL PROCESS

16.    Plaintiff provides the following information to supplement the record in connection with the scheduling of this action. Plaintiff does not challenge any ruling or filing. Plaintiff provides this chronology to inform the Court's oversight of future scheduling and procedural requests.

17.    Anderson's response to the operative pleading was due April 3, 2026. Keegan's response was due April 21, 2026. On March 18, 2026, Kirkland & Ellis LLP filed the joint motion to dismiss on behalf of both defendants — sixteen days before Anderson's deadline and thirty-four days before Keegan's.

18.    The early filing is not itself the subject of this section. What is relevant is the timing: the motion to dismiss was filed on the same date as Accenture's

6

motion to dismiss in the related 376 case (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 29), and one day before Genpact's extension motion in the 376 case (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 31). The resulting concentration of filings across both dockets compressed Plaintiff's response timeline and foreclosed an orderly conferral process regarding scheduling.

19. Plaintiff had anticipated that the period before defendants' response deadlines would provide an opportunity to confer on scheduling conditions — including the timing and format of the Rule 26(f) conference — before dispositive motions were filed. The early filing compressed that window.

20. In the related 376 case, Genpact Limited filed a motion for extension of time on March 19, 2026 (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 31) without conferral with Plaintiff. The Court granted that motion on March 20, 2026 (Case No. 6:26-cv-00376-AGM-RMN, Dkt. 33). The Court's order directed all parties to comply with Local Rule 3.01(g)'s conferral requirement.

21. Orrick, Herrington & Sutcliffe LLP, counsel for both Genpact and Meta, had received a written communication from Plaintiff on March 4, 2026 stating that no extensions would be granted and identifying the specific factual basis for that position. The same firm subsequently filed Genpact's extension motion without conferring with Plaintiff.

22. The absence of conferral in the 376 case foreclosed Plaintiff's opportunity to propose scheduling conditions as part of any negotiated resolution of the extension request. The present motion seeks to ensure that the conferral process in this action is preserved for future scheduling discussions.

### PLAINTIFF'S PATTERN OF ACCOMMODATION

23.    Notwithstanding the circumstances described above, Plaintiff has consistently sought to accommodate defense counsel's procedural needs where doing so does not compromise Plaintiff's ability to manage this litigation.

24.    On March 19, 2026, Plaintiff rescinded a conferral request regarding disqualification of Kirkland & Ellis LLP from this action and from the related 376 case, out of deference to the defendants' right to retain counsel of their choice. The rescission pertained in part to Kirkland's representation of Anderson and Keegan in this action.

25.    On March 20, 2026, Plaintiff accepted Kirkland & Ellis LLP's proposed modification to the communication protocol rather than insisting on the protocol as originally communicated or seeking a court order.

26.    In the related 376 case, after TaskUs requested a 30-day extension of time to respond to the Amended Complaint, Plaintiff declined the 30-day request but offered an additional 14 days. This offer was made notwithstanding Plaintiff's stated no-extensions position.

27.    This pattern of accommodation is consistent with Plaintiff's conduct throughout the related Northern District of California proceedings. In September 2025, when Meta requested a 30-day extension to respond to the original complaint in *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 3:25-cv-07671-CRB, Plaintiff granted 14 days. When Accenture's counsel requested a similar extension the following day, Plaintiff granted 14 days to maintain consistency. In November 2025, when Meta requested a two-week extension to file its reply brief, Plaintiff endorsed the stipulation. Plaintiff also made three separate attempts to engage defendants in resolution discussions between December 2025 and January 2026, each of which was declined.

8

28. Plaintiff provides this record of accommodation to demonstrate that his request for a court-directed scheduling framework is not adversarial in nature. The conferral process is the sole mechanism available to a pro se plaintiff to negotiate scheduling conditions on equal footing. When that process is compressed or bypassed, Plaintiff's only recourse is to seek the Court's intervention. That is the purpose of this motion.

### PLAINTIFF'S PROPOSED SCHEDULE

29. Plaintiff proposes the following structure for the Rule 26(f) conference and Case Management Report, consistent with the written proposal transmitted to counsel on March 20, 2026:

**Format.** The Rule 26(f) conference shall be conducted by written exchange, consistent with Local Rule 3.02(a)(1). A written exchange produces a complete record of each party's position, preserves Plaintiff's established communication protocol, and is conducive to the deliberation required for meaningful case management proposals in an action involving three defendants, two law firms, and overlapping related proceedings.

**Joint Session.** The conference shall be conducted jointly among all parties who have appeared. There shall not be separate conferences with individual defendants.

**Timeline.** Plaintiff will circulate a proposed Case Management Report to all counsel by April 6, 2026. Each appearing defendant will submit its positions, objections, or modifications by April 13, 2026. The joint Case Management Report will be filed on or before April 27, 2026. If any party's positions differ from

9

Plaintiff's proposed CMR, the joint report will reflect each party's position on each item, as contemplated by Rule 26(f)(2).

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court enter a scheduling directive providing as follows:

(a)    The Rule 26(f) planning conference shall be conducted by written exchange among all appearing parties, jointly, consistent with Local Rule 3.02(a)(1);

(b)    Plaintiff shall circulate a proposed Case Management Report by April 6, 2026, and each appearing defendant shall submit its positions by April 13, 2026;

(c)    The joint Case Management Report shall be filed on or before April 27, 2026;

(d)    Any party that has not appeared as of the date of this motion shall be bound by the resulting schedule upon its appearance and shall not be permitted to seek modification of the Rule 26(f) conference deadlines or the CMR filing date absent a showing of good cause;

(e)    Any future request by any party for an extension of time in this action shall be preceded by conferral with Plaintiff, consistent with the requirements of Local Rule 3.01(g); and

(f)    Any future request by any party for an extension of time to respond to any pleading in this action shall be preceded by conferral with Plaintiff and shall include a representation regarding the requesting party's

total period of access to the operative claims, consistent with the conferral requirements of Local Rule 3.01(g).

Plaintiff appreciates the Court's attention to this request and is available to comply with whatever schedule and procedures the Court directs.

Date: March 22, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, Pro Se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## LOCAL RULE 3.01(g) CERTIFICATE

Plaintiff certifies that on March 20, 2026, Plaintiff transmitted a written proposal to all counsel for appearing defendants regarding the format, structure, and timeline for the Rule 26(f) conference and Case Management Report. Plaintiff requested confirmation by March 25, 2026. As of the date of filing, the parties have not reached agreement on the proposed structure.

Date: March 23, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, Pro Se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026 a true and correct copy of the foregoing was served on all counsel of record via CM/ECF and on Defendant Meta Platforms, Inc. via the method consistent with Rule 5.


Marvelle J. Ballentine