**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. "JAY" BALLENTINE,

     *Plaintiff,*

v.                        Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON., et al.,

     *Defendants.*

## PLAINTIFF'S NOTICE OF DESIGNATED COMMUNICATION

## PROTOCOL

### FACTUAL BASIS

1. Plaintiff is a pro se litigant in three concurrent actions arising from overlapping conduct by overlapping parties. Two actions are pending before this Court. A third is pending in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, Case No. 2026CA494.

2. Defendant Devin S. Anderson is a partner at Kirkland & Ellis LLP. Anderson is a named individual defendant in Case No. 6:26-cv-00286-AGM-DCI and in the Fifth Judicial Circuit action.

3. Defendant Christopher W. Keegan is a partner at Kirkland & Ellis LLP. Keegan is a named individual defendant in Case No. 6:26-cv-00286-AGM-DCI and in the Fifth Judicial Circuit action.

4.     Kirkland & Ellis LLP is a named defendant in the Fifth Judicial Circuit action, facing claims including intentional infliction of emotional distress arising from conduct in the course of its representation of Accenture LLP.

5.     Defendant Meta Platforms, Inc. is represented by Orrick, Herrington & Sutcliffe LLP. Meta is a named defendant in both actions before this Court and is a named defendant in the Fifth Judicial Circuit action, where it faces claims including civil conspiracy to defame and intentional infliction of emotional distress.

6.     On February 10, 2026, Plaintiff communicated in writing to counsel for Accenture that Plaintiff would not maintain direct communications with any named defendant in the related actions. On the same date, Mr. Keegan twice directed Plaintiff to continue communicating directly with Mr. Anderson after Plaintiff had removed Mr. Anderson from the email chain. Plaintiff objected in writing.

7.     In the weeks preceding this Notice, Plaintiff received communications from both Kirkland and Orrick that required careful review within compressed timeframes. The volume and timing of these communications prompted Plaintiff to delay and phase service of remaining defendants to allow for efficient plaintiff-side case management. Separately, following Plaintiff's transmission of a settlement offer to Kirkland & Ellis LLP, Anderson, Keegan, and Accenture, Plaintiff received multiple communications from Kirkland in

2

close succession. These included a request that Plaintiff indicate whether he agreed to Anderson's appearance pro hac vice in the civil rights matter.

8.   In the course of receiving these communications, Plaintiff began experiencing manifestations of emotional distress. Plaintiff attributes these manifestations to the combination of direct communications from attorneys at a firm that is itself a named defendant in a related action, the involvement in those communications of an attorney whose personal conduct forms the basis of the defamation claims, and the increasing volume of correspondence arriving in Plaintiff's personal inbox alongside personal and family communications.

9.   On March 18, 2026, Plaintiff served a conferral request on Kirkland & Ellis LLP regarding potential disqualification from both federal matters. Upon reflection, Plaintiff concluded that disqualification, while supported by the record, would introduce procedural complexity that could delay resolution on the merits. On March 19, 2026, Plaintiff rescinded that conferral request out of deference to the defendants' right to retain counsel of their choice. Plaintiff does not intend to pursue disqualification at this time.

10.   In lieu of disqualification, Plaintiff has implemented a communication protocol that preserves all parties' right to counsel while establishing a boundary that Plaintiff considers necessary to protect his wellbeing and to allow him to continue prosecuting these actions in an orderly manner.

## THE COMMUNICATION PROTOCOL

11. Plaintiff has designated a communication intermediary through whom all communications from defense counsel shall be directed. The intermediary's name and contact information have been provided directly to all counsel by separate correspondence dated March 19, 2026.

12. The designated intermediary is not an attorney. The intermediary does not provide legal advice, does not exercise independent judgment, and does not make representations on Plaintiff's behalf. The intermediary's sole function is to receive, deliver, and transmit correspondence at Plaintiff's direction.

13. All substantive communications from Plaintiff are prepared, signed, and transmitted in PDF format by Plaintiff. The intermediary serves as a transmittal mechanism only.

14. Email filters have been configured on Plaintiff's personal email account. All inbound messages from defense counsel domains are automatically forwarded to the designated intermediary's email address, auto-replied to with an acknowledgment, and routed out of Plaintiff's personal inbox. Plaintiff does not see communications from defense counsel in his personal inbox.

15. Communications received at the designated address are reviewed on a defined schedule that has been communicated to all counsel. An emergency telephone contact has also been provided to all counsel for time-sensitive matters.

4

16.     This protocol applies to both above-referenced matters and to all defense counsel in both actions.

## NO RELIEF REQUESTED

17.     Plaintiff does not seek any relief from the Court by this Notice. This Notice is filed to inform the Court of the communication arrangement in effect and to place the factual basis for that arrangement on the record. Should any party object to this protocol or direct communications to Plaintiff outside of it, Plaintiff reserves the right to seek appropriate relief, including a protective order under Federal Rule of Civil Procedure 26(c) or a case management directive.

Dated: March 20, 2026                                    Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

5