# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARVELLE J. BALLENTINE,

      Plaintiff,

v.

DEVIN S. ANDERSON,
META PLATFORMS, INC., and
CHRISTOPHER W. KEEGAN,

      Defendants.

CASE  NO.  6:26-CV-00286-AGM-DCI

Judge Anne-Leigh Gaylord Moe

## DEFENDANTS DEVIN S. ANDERSON AND CHRISTOPHER W. KEEGAN'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS AGAINST THEM

Plaintiff's brief misrepresents the facts and misapplies the law.  Defendants made typical arguments as attorneys on behalf of their client and maintained ordinary communications with a *pro se* plaintiff related to pending litigation.  Nothing about Defendants' alleged conduct is actionable, and the face of the Second Amended Complaint clearly shows that these claims should be dismissed as barred by Florida's litigation privilege and for failure to state a claim as a matter of law.  Plaintiff has filed these same claims against Defendants in five different complaints across two different cases.  This Court should dismiss the claims against Defendants with prejudice.

## ARGUMENT[1]

### I.    The Litigation Privilege Bars Plaintiff's Claims.

***Claims Against Anderson***.  Although the Second Amended Complaint admits that Plaintiff's defamation claim against Anderson "arises from … statements published … in federal court filings," SAC ¶ 1, Dkt. No. 20, Plaintiff argues that the litigation privilege does not bar this claim because "the challenged statement was not pertinent to any legal argument" in Accenture's motion.  Pl. Opp. at 1–2, Dkt. No. 29. The Florida Supreme Court, however, has made clear that the litigation privilege protects *all* "statements made in connection with a judicial proceeding"—whether Plaintiff subjectively thinks they are "pertinent" or not—so long as the statements have "***some relation*** to the proceeding."  *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994).  "When evaluating whether the statement relates to a judicial proceeding, much latitude must be allowed to the judgment and discretion of those who maintain a cause in court."  *Grippa v. Rubin*, 133 F.4th 1186, 1193–94 (11th Cir. 2025).  All of the assertions against Anderson arise directly and exclusively from pleadings filed in a federal court.  As a matter of law, such pleadings are within the scope of Florida litigation privilege.

Plaintiff acknowledges that his allegations arise from Accenture's motion to dismiss, which advanced "four legal arguments," including "causation."  Pl. Opp. at 3.  Specifically, Accenture's motion argued that Plaintiff failed to plausibly allege "but

---

[1]    All citations are cleaned up with emphasis added, unless otherwise noted.

for" causation because the California Complaint did not allege that Plaintiff's Facebook account complied with Meta's *policy* regarding CSE, which included a range of offenses related to content involving children.  Ex. 1 (Oct. 16 Mot. to Dismiss) at 10–11; *see also* Meta's CSE Policy, which can be found at this website: https://transparency.meta.com/policies/community-standards/child-sexual-exploitation-abuse-nudity/.  Because the California Complaint did not eliminate alternative non-discriminatory causes of Plaintiff's alleged harm, Accenture argued that Plaintiff had not sufficiently pled causation, and his claims failed as a matter of law.  There can be no doubt that the allegedly defamatory causation arguments have "some relation" to the California Action, and Anderson therefore has immunity.  *See Levin*, 639 So. 2d at 608 ("[P]articipants in litigation must be free … to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.").

    ***Claims against Keegan***.  Plaintiff inexplicably argues that Defendants' motion to dismiss "[d]oes not address whether the Keegan emails are independently privileged." Pl. Opp. at 10.  Plaintiff is wrong.  Defendants' motion to dismiss did argue that the litigation privilege bars the IIED claim against Keegan separate from Anderson's defamation claim.  *See* Defs.' Mot. at 12–13, Dkt. No. 26.  To the extent Plaintiff cites *Grippa v. Rubin* in support of his claim against Keegan's "separate" conduct, that case affirms that "absolute immunity must be afforded to ***any act occurring during the course of a judicial proceeding*** … so long as the act has some relation to the proceeding."  133

F.4th at 1193–94.  The Eleventh Circuit went on to hold that letters sent by attorneys to third parties "***uninvolved***" with the litigation were not immune from suit but still acknowledged, as relevant here, that "the fact that these letters exist outside of the judicial process is not dispositive" because "Florida courts have recognized the privilege in other settings that are closely related to courtroom proceedings, including depositions, witness interviews, discovery, settlement discussions, and the like." *Id.* at 1197 (citations omitted).  Here, Keegan sent email correspondence to attorneys of record and to the plaintiff himself—not to uninvolved third parties—and the correspondence directly related to attorney representation in the pending proceedings. Keegan's acts of adding Anderson (who remained notice counsel to the litigation) to the email chain with Plaintiff falls within the litigation privilege.  *See Cherdak v. Cottone*, 2023 WL 2044608, at *5 (M.D. Fla. Feb. 16, 2023) (finding that emails from counsel to a *pro se* litigant "clearly trigger[ed]" the litigation privilege").

Nor do the other cases Plaintiff cites affect the result here because those cases only declined to apply the privilege where the filing of litigation itself served as the basis for separate claims, such as malicious prosecution.  *See Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1218–20 (11th Cir. 2018) (declining to apply privilege to breach of contract claims arising from the filing of a lawsuit itself, which would "virtually extinguish a common form of relief"); *Debrincat v. Fischer*, 217 So. 3d 68, 70 (Fla. 2017) (declining to apply privilege to malicious prosecution claims arising from the filing of a lawsuit itself, which would "eviscerate this long-established cause of action").  Here, the litigation privilege is properly applied

4

to statements made in filed pleadings and acts taken as part of litigation management during the course of judicial proceedings. Moreover, because "the complaint affirmatively and clearly shows the conclusive applicability of the defense," the Court may apply the privilege here to dismiss Plaintiff's claims as a matter of law. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citation omitted).

**II.    The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim.**

*Defamation*. In his opposition, Plaintiff abandons his traditional defamation theory and relies exclusively on defamation by implication, although that argument fails as well. Plaintiff cannot manufacture a defamatory implication through "textual analysis," ignoring the context in which the challenged statements were made. Pl. Opp. at 11–12. Whether a statement is defamatory by implication "turns on whether the 'gist' of the publication is false," *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018), which requires the Court to "consider the context in which the statement is made," *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107–08 (Fla. 2008) (citation omitted). Viewed in context, Accenture's motion to dismiss clearly responds to the allegations made by Plaintiff himself in the California Complaint. Plaintiff again misreads the statements to "assert[] a 'legitimate violation'" of CSE laws. Pl. Opp. at 13. Instead, the motion was attacking the sufficiency of Plaintiff's own allegations. Even considering Plaintiff's tables, frequency counts, and pairing percentages, no reader could reasonably conclude that Accenture's motion to dismiss accused Plaintiff of committing an illegal, reportable CSE offense.

*Civil Conspiracy to Defame*.  Plaintiff argues that his conspiracy claim is not entirely derivative of his defamation claim because he alleged "specific overt acts in furtherance of the conspiracy."  Pl. Opp. at 16.  Tellingly, he cites no cases to support this argument because he is wrong on the law.  Plaintiff asserted a claim for "civil conspiracy *to defame*," SAC at 18, and "a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim."  *Rothenberg v. Knight Swift Transp.*, 2023 WL 3511271, at *5 (M.D. Fla. Feb. 7, 2023); *see also Wright v. Yurko*, 446 So. 2d 1162, 1164–65 (Fla. 5th DCA 1984) ("Since [the litigation] privilege bars [plaintiff's] causes of action against the [defendants] for defamation, it follows that there can be no actionable conspiracy to commit the same acts.").  Because the defamation claim fails, so too does the conspiracy claim.

*IIED*.  Plaintiff concedes that Florida's single-action rule "applies to the motion-to-dismiss statements," so his IIED claim against Anderson should be dismissed with prejudice.  Pl. Opp. at 15.  With respect to Keegan's alleged conduct—twice adding counsel of record to an email chain with a *pro se* plaintiff regarding pending litigation— Plaintiff's only argument is that, "under Florida law, the outrageousness inquiry considers the defendant's knowledge of the plaintiff's particular vulnerability" and that Keegan allegedly knew of "Plaintiff's CSA-survivor status" and that "Anderson is alleged to have caused severe emotional distress."  *Id.* at 14–16.  While it is true that a defendant's "knowledge of a person's particular susceptibility to emotional distress is relevant in determining whether the conduct is extreme or outrageous," this Court has explained that "the mere fact that the defendant knows the person's feelings will be

6

hurt by the conduct is not enough; it must be outrageous." *Ermini v. Scott*, 2016 WL 5239842, at *3 (M.D. Fla. Sept. 22, 2016); *see also Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985) (cited by Plaintiff) ("Liability has been found ***only*** where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Even taking into account allegations of Keegan's knowledge, adding counsel of record to litigation correspondence does not meet the "extremely high standard" for IIED imposed by Florida law that typically requires both physical and verbal harassment or abuse, none of which is alleged here. *Lopez v. Target Corp.*, 676 F.3d 1230, 1236–37 (11th Cir. 2012).

## III.    The Claims Against Defendants Should Be Dismissed with Prejudice.

Plaintiff agrees that dismissal with prejudice is warranted "when a more carefully drafted complaint could not state a claim." Pl. Opp. at 17. He does not address Defendants' argument that, if the litigation privilege applies to give Defendants immunity over the alleged conduct, Plaintiff cannot state a claim against them. Dismissal without prejudice is warranted here.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the claims against Defendants with prejudice.

7

Dated: April 3, 2026                                      Respectfully submitted,


By:   /s/ *Marianna Chapleau*
      Marianna C. Chapleau (FBN. 1059142)
      Ariel D. Deitchman (FBN. 118163)
      Patrick Malone (FBN. 1051725)
      KIRKLAND & ELLIS LLP
      Three Brickell City Centre
      98 S.E. 7th St., Suite 700
      Miami, FL 33131
      Tel: (305) 432-5600
      Fax: (305) 432-5601
      mchapleau@kirkland.com
      ariel.deitchman@kirkland.com
      patrick.malone@kirkland.com

      Lauren M. Spiwak (admitted *pro hac vice*)
      KIRKLAND & ELLIS LLP
      4550 Travis Street
      Dallas, TX 75205
      Tel: (214) 432-5042
      Fax: (214) 972-1771
      lauren.spiwak@kirkland.com

      *Counsel for Defendants Devin S. Anderson and Christopher W. Keegan.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2026, I electronically filed the foregoing

through Middle District of Florida's CM/ECF System, which will send a copy to all

unrepresented parties and counsel of record.  I also certify that I caused a true and

correct copy of this document to be served via FedEx to Plaintiff at the address below:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy.
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau, Esq.

9