# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA

MARVELLE J. "JAY" BALLENTINE

      Plaintiff,

    v.

DEVIN S. ANDERSON; META PLATFORMS, INC., and CHRISTOPHER W. KEEGAN

      Defendants.

Case No 6:26-cv-286

## <u>DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

Defendant Meta Platforms, Inc. ("Meta") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Marvelle Ballentine's Second Amended Complaint ("SAC") under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    <u>INTRODUCTION</u>

The instant lawsuit is predicated solely on statements made by Accenture LLP ("Accenture"), through its counsel, in Accenture's motion to dismiss a separate lawsuit that Plaintiff brought against Meta and Accenture in the United States District Court for the Northern District of California.

Plaintiff's claims against Meta fail at the outset because this Court does not have personal jurisdiction over Meta.  As Plaintiff acknowledges, Meta is a Delaware corporation with its principal place of business in California.  As such, there is no general jurisdiction over Meta.  And Plaintiff does not allege that Meta engaged in any suit-related conduct in or directed to Florida, so this Court also lacks specific jurisdiction over Meta.

Plaintiff's sole cause of action against Meta—conspiracy to defame—also fails on the merits.  Plaintiff's claim is based solely on statements made in Accenture's motion to dismiss the action Plaintiff filed in California.  But the SAC is devoid of any allegations suggesting that Meta reached an agreement with Accenture or its lawyers regarding the content of Accenture's motion. To the contrary, the SAC acknowledges that Meta *did not* make the argument

Accenture made that is the subject of the present action. Moreover, any conspiracy claim against Meta necessarily fails because Plaintiff's defamation claim against Accenture's counsel is barred by Florida's litigation privilege, which provides "absolute immunity ... [for] any act occurring during the course of a judicial proceeding, regardless of whether the act involved a defamatory statement ... so long as the act has some relation to the [judicial] proceeding." *Cherdak v. Cottone*, No. 2:22-cv-634-SPC-NPM, 2023 WL 2044608, at *4 (M.D. Fla. Feb. 16, 2023) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). Accordingly, Plaintiff's deficient conspiracy claim could not be cured with amendment.

## II.   BACKGROUND

**The California Action.** Plaintiff's claims in his SAC are premised on a motion to dismiss filed by Accenture in a separate case brought by Plaintiff against Meta and Accenture in the United States District Court for the Northern District of California. SAC ¶¶ 1, 17. That action, captioned *Ballentine v. Meta Platforms, Inc. et al.*, No. 3:25-cv-7671 (the "California Action"), arose out of Meta's policy against "Child Sexual Exploitation" ("CSE"), whereby Meta prohibits content that exploits or endangers children. Plaintiff sued Meta and Accenture because Meta allegedly disabled Plaintiff's Facebook account pursuant to Meta's CSE policy, and Accenture allegedly

affirmed that decision. SAC ¶¶ 20-21. Based solely on his allegations that Accenture was aware that Plaintiff was Black when it upheld the disablement and that, in a handful of other CSE enforcement cases (out of millions), Accenture allegedly reversed the initial determinations for white users, Plaintiff claimed that Meta and Accenture disabled his account based on his race and asserted claims against both Meta and Accenture for alleged violations of 42 U.S.C. §§ 1981, 1982, and 1985(3). *Id.* ¶¶ 20-22.

Meta and Accenture filed separate motions to dismiss Plaintiff's original complaint in the California Action. SAC ¶¶ 86-87. The present action focuses on an argument that Accenture made in its motion, where Accenture argued that its alleged recommendation to Meta regarding Plaintiff's account may have been based on a legitimate Community Standards violation by Ballentine. *Id.* ¶ 33. After Plaintiff amended his complaint, Accenture, at Plaintiff's request, clarified in its motion to dismiss the amended complaint that it was referring to "a legitimate violation of another [C]ommunity [S]tandard unrelated to CSE." *Id.* ¶ 43; *see also id.* ¶¶ 37-41.

Plaintiff admits that Meta's motion to dismiss the California Action does not contain the allegedly defamatory statements that Plaintiff challenges. *Id.* ¶ 87. And Plaintiff does not assert that Meta had any involvement in Accenture's inclusion of the allegedly defamatory statements in its motion.

Instead, as to Meta, Plaintiff alleges only that (1) on September 30, 2025,

- 3 -

Plaintiff sent a single email to counsel for Accenture and Meta proposing mediation and Meta's counsel and Accenture's counsel both declined the invitation on behalf of their respective clients, SAC ¶¶ 27; 29-30; (2) that Accenture's counsel requested that counsel for Meta be included on communications from Plaintiff, *id.* ¶ 28; and (3) that Accenture's counsel proposed that all parties participate together in a court-ordered meet-and-confer session regarding preservation, *id.* ¶¶ 45-46.  Based solely on these allegations, Plaintiff concludes that Meta and Accenture "reached an agreement or understanding to pursue a common litigation objective," *id.* ¶ 85, and seeks to hold Meta liable for Accenture's statements.

After the motions to dismiss Plaintiff's amended complaint in the California Action were fully briefed, Plaintiff filed this lawsuit and voluntarily dismissed the California Action. *See* Dkt. No. 63 ("Notice of Voluntary Dismissal"), *Ballentine v. Meta Platforms, Inc. et al*, No. 3:25-cv-7671 (N.D. Cal. Feb. 13, 2026).[1]

---

[1] Since dismissing the California Action, Plaintiff has also filed two additional lawsuits against Meta and Accenture, along with several other defendants, both currently pending in Florida courts.  The first of these actions, filed in this court, is premised on nearly identical allegations as the California Action and raises identical claims under the federal civil rights statutes implicated in that action.  *See Ballentine v. Meta Platforms, Inc. et al.,* Dkt. No. 19, No. 6:26-cv-376 (M.D. Fla. Mar. 4, 2026).  The second action, originally filed in the Fifth Judicial Circuit Court for Lake County, Florida and then removed to this court, alleges claims under Florida state law based both on the alleged termination of Plaintiff's Facebook account at issue in the California Action and the alleged defamatory statements in Accenture's Motion to Dismiss giving rise to the instant litigation.  *See Ballentine v. Meta Platforms, Inc. et al.*, Dkt. No.1-1 No. 5:26-cv-216 (M.D. Fla. Mar. 25, 2026). Notably, Plaintiff's most recently filed action asserts the same cause of action against Meta (civil conspiracy to defame) alleged

**Meta's citizenship and alleged connection to this forum.** Plaintiff admits that Meta is a Delaware corporation with its principal place of business in Menlo Park, California. SAC ¶ 12. Plaintiff alleges this Court nonetheless has personal jurisdiction over Meta because it "transacts business in Florida and caused tortious injury in Florida through the conduct alleged in this Complaint." *Id.* ¶ 9.

**Procedural History.** Plaintiff filed his original complaint in this action on February 9, 2026, raising claims against Meta, Accenture, Kirkland & Ellis LLP ("Kirkland"), and Devin S. Anderson, one of Accenture's attorneys in the California Action. Dkt. No. 1. Plaintiff filed a First Amended Complaint two days later, on February 11, 2026, adding Christopher W. Keegan (another attorney who represented Accenture in the California Action) as a named defendant. *See* Dkt. No. 4. On February 18, the Court ordered Plaintiff to show cause "why the case should not be dismissed for failure to sufficiently allege diversity of citizenship to support federal subject matter jurisdiction" specifically noting Plaintiff's failure to affirmatively allege the citizenship of Defendants Accenture and Kirkland. *See* Dkt. No. 11. In response to the Court's order, Plaintiff filed a motion to drop Accenture and Kirkland as defendants, and filed the operative SAC against Meta, Mr. Anderson and Mr.

---

here, based on the same underlying allegations. *Compare Ballentine v. Meta Platforms, Inc. et al.*, Dkt. No.1-1 ¶¶ 150-161, No. 5:26-cv-216 (M.D. Fla. Mar. 25, 2026) *with* SAC ¶¶ 81-95.

Keegan only.  *See* Dkt. Nos. 15; 20.[2]

## III.   ARGUMENT

### A. The SAC Should Be Dismissed for Lack of Personal Jurisdiction Over Meta

"A court must dismiss an action against a defendant over which it has no personal jurisdiction."  *Kinney v. Mindsize, LLC*, No. 20-cv-62094-AMC, 2021 WL 3911859, at *2 (S.D. Fla. June 7, 2021) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999)).  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The plaintiff establishes a prima facie case if it "presents enough evidence to withstand a motion for directed verdict." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

Plaintiff's sole jurisdictional allegation as to Meta is his conclusory allegation that "Meta transacts business in Florida and caused tortious injury in Florida" through the alleged conduct. SAC ¶ 9.  This is insufficient to allege

---

[2] Although Plaintiff's claims relating to the alleged disablement of his Facebook account are not directly at issue in this litigation, should Plaintiff attempt to amend his complaint here to raise claims based on his disabled Facebook account or his use of other Meta products or services, Meta reserves the right to move to transfer those claims to the Northern District of California, as contemplated by Meta's Terms of Service. *See, e.g., McCarthy v. Meta Platforms, Inc.*, No. 24-cv-143220-AMC, 2025 WL 3755430, at *1 (S.D. Fla. Jan. 27, 2025) (granting motion to transfer to Northern District of California based on forum selection clause in Meta Terms of Service).

either general or specific jurisdiction over Meta.

### 1. Meta is not subject to general personal jurisdiction in Florida.

A court may assert general jurisdiction over nonresident defendants only when their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Washington, Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317(1945)); *see* Fla. Stat. § 48.193(2) (requiring "substantial and not isolated activity" in Florida). Absent exceptional circumstances, a corporate defendant is only "at home" in a forum where it is either incorporated or has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Meta is undisputedly not "at home" in Florida. Plaintiff's SAC concedes that Meta is a Delaware corporation with its principal place of business in California. *See* SAC ¶ 12. And courts have consistently held that allegations that Meta transacts business in a state do not suffice to show that Meta is "at home" in the state for purposes of establishing general jurisdiction. *See Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1136 (M.D. Fla. 2021) (finding no general jurisdiction over Facebook where alleged affiliations were "not continuous and systematic enough to render [it] at home in Florida"); *accord Romero v. Meta Platforms, Inc.*, No. 23-CV-3306-TMC, 2024 WL 3466403, at *4-5 (D.S.C. July 19, 2024) (finding no general jurisdiction over

Meta), *aff'd*, No. 24-1729, 2024 WL 5200156 (4th Cir. Dec. 23, 2024), *cert. denied*, 145 S. Ct. 1972 (2025); *Russell v. Meta Platforms, Inc.*, No. 23-CV-193-SA-DAS, 2024 WL 4800365, at \*3 (N.D. Miss. May 29, 2024) (same); *Godwin v. CPF River Oaks Austin, L.L.C.*, No. 23-CV-1566-DII, 2024 WL 2732670, at \*8 (W.D. Tex. May 28, 2024) (same), *appeal dismissed*, No. 24-50531, 2024 WL 5277355 (5th Cir. July 30, 2024).

### 2. Meta is not subject to specific personal jurisdiction in Florida.

To establish specific jurisdiction over a nonresident defendant like Meta, Plaintiff must show that his claims "arise out of or relate to a defendant's contacts with Florida." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015); *see* Fla. Stat. § 48.193(1) (listing acts that subject a defendant to specific personal jurisdiction). To make this determination, courts decide whether the defendant's "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This turns on "whether *the defendant's* actions connect [it] to the *forum*." *Walden v. Fiore*, 571 U.S. 277, 288-89 (2014) (no "minimal contacts" where "no part of [defendant]'s course of conduct occurred in" the forum state).

Here, Plaintiff fails to allege any conduct by Meta in Florida whatsoever—let alone conduct related to Plaintiff's claims—that would give rise to specific jurisdiction. Plaintiff's conclusory allegation that "Meta

transacts business in Florida" does not suffice to establish specific jurisdiction over Meta, particularly where the SAC includes no allegations connecting Meta's alleged business in Florida with Plaintiff's claims.  Indeed, courts routinely find the fact that Meta's services, including Facebook, are available to users in the forum does not suffice to establish specific jurisdiction there. *See Harrison v. Facebook, Inc.,* No. 18-cv-147-TFM-MU, 2019 WL 1090779, at *4 (S.D. Ala. Jan. 17, 2019) ("This Court agrees with other courts that have held that 'personal jurisdiction over Facebook may not exist simply because a user avails [her]self of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business.'") (quoting *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016)); *see also Atmos Nation, LLC v. All Fun Gifts Distribution, Inc.,* No. 16-cv-60821-JEM, 2017 WL 5171174, at *4 (S.D. Fla. July 18, 2017) (recognizing that the "mere existence of a website accessible in Florida does not by itself support specific jurisdiction over the defendant in Florida"); *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.,* 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("The mere world-wide accessibility of Karrier's websites in the absence of any actual interaction will not support a finding that jurisdiction attaches.").

Plaintiff's allegation that he was injured in Florida, which appears to be based solely on Plaintiff's residence in Florida, SAC ¶¶ 8-10, is similarly irrelevant to the specific jurisdiction inquiry.  Because specific jurisdiction

focuses on the defendant's conduct, a plaintiff's allegation that he suffered injury in a state does not suffice to subject a defendant to personal jurisdiction there. *See Walden v. Fiore*, 571 U.S. 277, 288-89 (2014) (recognizing that specific jurisdiction over a defendant depends on "whether the *defendant's* actions" and not merely the plaintiff's conduct "connect [it] to the forum."); *ECB USA, Inc. v. Savencia Cheese USA, LLC*, 148 F.4th 1332, 1342 (11th Cir. 2025) ("Personal jurisdiction cannot be predicated on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff." (internal quotation marks omitted)).

Here, Plaintiff does not identify any suit-related conduct by Meta in or directed to Florida. Rather, the only alleged "wrong" by Meta is the alleged conspiracy to publish allegedly defamatory statements about Plaintiff in the *California* Action. SAC ¶¶ 1-95. And, as set forth in more detail below, Plaintiff does not plead that Meta engaged in any specific acts in furtherance of that purported conspiracy, much less acts in or directed to Florida. Indeed, Plaintiff's only allegation regarding Meta's purported conduct is that Meta's counsel in the California Action communicated to Plaintiff that Meta did not think mediation in the California Action would be productive, to which Accenture responded, "Accenture's position is the same as Meta." *Id.* ¶¶ 26-28. This conduct—in addition to providing no support for Plaintiff's conspiracy claim—plainly does not arise from any purported contacts Meta has with

Florida and is not alleged to have (nor could it have) injured Plaintiff. It is therefore insufficient to support specific jurisdiction. *See Garrett Alfred,* 540 F. Supp. 3d at 1136 (concluding that no specific jurisdiction existed over Facebook for claims that were not sufficiently related to Meta's Florida contacts); *Facebook, LLC v. Grind Hard Holdings, LLC*, 390 So. 3d 142, 145 (Fla. Dist. Ct. App. 2024) (finding that plaintiff failed to sufficiently allege specific jurisdiction over Facebook in Florida).

Because the SAC fails to allege sufficient facts to establish general or specific personal jurisdiction, the Court should dismiss Plaintiff's claims against Meta for lack of personal jurisdiction.

### B. Plaintiff Fails to State a Claim for Civil Conspiracy to Defame Against Meta

A complaint that "fail[s] to state a claim upon which relief can be granted" must be dismissed. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Legal conclusions couched as

- 11 -

factual allegations need not be accepted as true." *Id.*

To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) "a conspiracy between two or more parties," (2) "to do an unlawful act or a lawful act by unlawful means," (3) "the doing of some overt act in pursuance of the conspiracy," and (4) "damage to plaintiff as a result of the act performed pursuant to the conspiracy." *Cohen v. McGuire*, No. 3:15-CV-133-J-34JRK, 2016 WL 3188889, at \*9 (M.D. Fla. June 8, 2016). "An action for civil conspiracy must be premised on an underlying tort or cause of action." *SMS Audio, LLC v. Belson*, No. 9:16-CV-81308-DMM, 2017 WL 1533941, at \*8 (S.D. Fla. Mar. 9, 2017).

Here, Plaintiff's conspiracy claim fails at the outset because Plaintiff fails to plead an agreement between Meta and counsel for Accenture in the California Action to do an unlawful act. Instead, he proffers only (i) an instance where Accenture's counsel stated that Accenture's position that mediation would not be productive in the California Action was "the same as Meta's"; (ii) a request by Accenture's counsel that Plaintiff include counsel for Meta on communications; and (iii) another instance where Accenture's counsel stated that "the court-ordered preservation meet-and-confer…should be combined with all parties." SAC ¶¶ 27-30,45-46, 85; *supra* at 4. Based on these three allegations, Plaintiff asserts that Meta and Accenture "reached an agreement

or understanding to pursue a common litigation objective." *Id.* ¶ 85.

Plaintiff's allegations regarding the parties' communications concerning mediation and the court-ordered meet-and-confer session—all procedural in nature—provide no support for Plaintiff's allegation that Meta and Accenture (through its counsel) "reached an agreement or understanding to pursue a common litigation objective." SAC ¶ 85. Plaintiff's allegation regarding the purported agreement between Meta and Accenture is a legal conclusion properly disregarded in considering the sufficiency of the complaint. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."); *Gaffney v. Rives*, No. 8:22-cv-1613-CEH-SPF, 2023 WL 6049253, at *9 (M.D. Fla. Sep. 15, 2023) ("Conclusory allegations of an agreement, without any factual basis to make the allegations plausible, are insufficient to state a conspiracy claim.").

Even if the Court accepted Plaintiff's conclusory assertion that Meta and counsel for Accenture reached an agreement to pursue a common litigation objective, Plaintiff's claim would still fail because he nowhere alleges that Meta reached an agreement to do anything unlawful. In fact, as to the alleged defamation, Plaintiff's SAC does not even plead parallel conduct by Meta and Accenture. To the contrary, Plaintiff admits that Meta's motions to dismiss did **not** contain any of the statements Plaintiff is challenging here. SAC ¶¶ 87-

- 13 -

88.  There are, accordingly, simply no pled facts demonstrating a conspiracy of any kind.  *See Alhassid v. Bank of Am., N.A.,* 60 F. Supp. 3d 1302, 1319 (S.D. Fla. 2014) (dismissing conspiracy claim because plaintiff did not "actually allege that [defendants] acted together but merely that they engaged in the same 'scheme'" because an "allegation of parallel conduct and a bare assertion of conspiracy will not suffice"); *Tucci v. Smoothie King Franchises, Inc.,* 215 F. Supp. 2d 1295, 1300 (M.D. Fla. 2002) (dismissing conspiracy claims where "[p]laintiff does not allege, or provide the Court with, sufficient facts to infer an agreement between" defendants).

Plaintiff's civil conspiracy claim also fails for the separate and independent reason that the predicate defamation claim is barred by Florida's litigation privilege.  *See Tejera v. Lincoln Lending Servs., LLC,* 271 So. 3d 97, 103 (Fla. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort.").  Florida's litigation privilege "provides all persons involved in judicial proceedings, including parties and counsel, an absolute privilege from civil liability for acts taken in relation to those proceedings." *Cherdak v. Cottone,* No. 2:22-CV-634-SPC-NPM, 2023 WL 2044608, at *4 (M.D. Fla. Feb. 16, 2023).  While Florida's litigation privilege is an affirmative defense, courts have recognized that the "litigation privilege 'may be considered in resolving a motion to dismiss when the complaint

- 14 -

affirmatively and clearly shows the conclusive applicability of the defense to bar the action.'" *Id.* at *5 (quoting *Clarke v. Phelan*, No. 16-cv-25217-RNS, 2017 WL 4326522, at *6 (S.D. Fla. Sept. 28, 2017)).

Such is the case here—Plaintiff's defamation claim is explicitly premised entirely on language included in Accenture's motions to dismiss in the California Action. SAC ¶ 1 ("This action arises from defamatory statements published by Devin S. Anderson on behalf of, and in defense of Accenture LLP in federal court filings that falsely implied Plaintiff committed child sexual exploitation violations.") This is fatal to the underlying defamation claim against the Accenture defendants and thus is also fatal to the conspiracy claim against Meta. *See Cherdak*, 2023 WL 2044608, at *5-7 (dismissing defamation and civil conspiracy claims because plaintiff "cannot rely on defamation as the underlying tort for his civil conspiracy claim because the allegedly defamatory statements are protected by litigation privilege."); *Levin*, 639 So. 2d at 608 (holding "the torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made [by parties or counsel] in connection with a judicial proceeding are not actionable"); *Gerard v. Wells Fargo Bank, N.A.*, No.14-cv-3935-MMM, 2015 WL 12791416, at *14 (C.D. Cal. Jan. 22, 2015) (holding that litigation privilege barred claim based on alleged misrepresentation by defendant "in its motion to dismiss" because statements

"are absolutely privileged when included in court filings").

### C. Plaintiff Should Not Be Granted Leave to Amend.

Plaintiff should not be given the opportunity to replead his claims. Dismissal of a complaint without leave to amend is appropriate where amendment would be "futile." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (affirming denial of request to amend complaint because proposed amendment complaint would be futile). Such is the case here for multiple reasons. *First,* Plaintiff has not pled a single fact connecting Meta's conduct to Florida, nor could he. *Second,* the underlying defamation claim will be barred by the litigation privilege no matter what additional facts are pleaded, making any amendment futile. *Kaplan v. Regions Bank*, No. 8:17-cv-2701, 2018 WL 364257, at *4 (M.D. Fla. Aug. 1, 2018) (dismissing complaint with prejudice because "amendment would be futile" where "all of [plaintiff's] claims were barred by the litigation privilege).

## IV.  CONCLUSION

For the foregoing reasons, this Court should dismiss the SAC without leave to amend.

Respectfully submitted,

Dated: April 3, 2026                ORRICK, HERRINGTON & SUTCLIFFE LLP

                          By:    /s/ *Diana Marie Fassbender*
                                 DIANA MARIE FASSBENDER (BN 17095)
                                 dszego@orrick.com
                                 2100 Pennsylvania Avenue NW
                                 Washington, D.C. 20037
                                 Telephone: (202) 339-8533
                                 Facsimile: (202) 339-8500

                                 *Attorneys for Defendant*
                                 *Meta Platforms, Inc.*

- 17 -

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), counsel for Meta attempted to confer with Plaintiff by email on April 3, 2026.  As of the time of this filing, Plaintiff has not responded to the conferral email.  Undersigned counsel will update this conferral should Plaintiff respond to the conferral email.

/s/ <i>Diana Marie Fassbender</i>
DIANA MARIE FASSBENDER

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, and the foregoing

via Email and U.S. Mail to:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
jayballentine@protonmail.com
yglazman.litigation@protonmail.com

s/ *Diana Marie Fassbender*
DIANA MARIE FASSBENDER