# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARVELLE J. BALLENTINE,

      Plaintiff,

                    Case No. 6:26-cv-00286-AGM-DCI

  v.

                    Judge Anne-Leigh Gaylord Moe

DEVIN S. ANDERSON;
META PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

      Defendants.

_____ /

## DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND HOLD RULE 26(F) REQUIREMENTS IN ABEYANCE PENDING RESOLUTION OF MOTIONS TO DISMISS

Defendants Devin S. Anderson ("Anderson"), Meta Platforms, Inc. ("Meta"), and Christopher W. Keegan ("Keegan") (collectively, "Defendants") respectfully move to stay discovery and hold all Rule 26(f) requirements in abeyance pending a ruling on Defendants' motions to dismiss Plaintiff's second amended complaint.

## INTRODUCTION

Good cause exists to stay discovery because Defendants' motions to dismiss have a strong likelihood of disposing of this entire case, and Plaintiff has engaged in a course of conduct designed to harass Anderson and Keegan (the "Attorney Defendants") for their representation of their client. First, the litigation privilege immunizes Defendants against Plaintiff's claims because those claims arise entirely

from litigation-related conduct.  Second, Plaintiff has not and cannot otherwise state a claim to relief based on Defendants' conduct.  And third, this Court lacks personal jurisdiction over Meta.  Plaintiff should not be permitted to harass Defendants through depositions and other discovery requests where they are immune from liability, where discovery cannot lead to a plausible claim against them, and where Plaintiff has baselessly but continuously tried to turn normal-course defense of a client in litigation into a cause of action.  The Court should stay discovery pending the resolution of Defendants' motions to dismiss.

## BACKGROUND

Plaintiff brings a claim of defamation (libel) against Anderson, claims of civil conspiracy to defame against all Defendants, and claims of intentional infliction of emotional distress ("IIED") against the Attorney Defendants.  Dkt. No. 20 ¶¶ 73–106 ("SAC").  According to the SAC, each of those claims rest entirely on statements made "in federal court filings" and conduct occurring "[i]n the course of" a previous lawsuit Plaintiff filed in California.  SAC ¶¶ 1, 85; *Ballentine v. Meta Platforms, Inc.*, 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025) (the "California Action").  Specifically, Plaintiff's claims stem from: (1) a legal argument Accenture made in its motion to dismiss the California Action, SAC ¶ 76; (2) Meta's and Accenture's alleged "common litigation objective" during the California Action, *id.* ¶ 85; and (3) two emails sent from Accenture's counsel to Plaintiff regarding the status of the California Action, *id.* ¶ 102.

## I.    Accenture's Motion to Dismiss the California Action

In the California Action, Plaintiff alleged that Meta terminated his Facebook advertising account pursuant to its Child Sexual Exploitation ("CSE") policy, and that Accenture affirmed the termination. *See* Complaint, *Ballentine v. Meta Platforms, Inc.*, 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025), Dkt. No. 1 ¶¶ 2, 6 ("California Complaint" or "Cal. Compl."). He went on to assert that his Facebook account did not contain unlawful CSE material, and the real reason his account was terminated was "to eliminate Black business owners from Facebook's digital marketplace." *Id.* ¶ 1.

Meta and Accenture moved separately to dismiss Plaintiff's claims of racial discrimination. Among other arguments, Accenture contended that the California Complaint did not plausibly allege that Plaintiff's account was terminated because of his race. Accenture's Motion to Dismiss, *Ballentine v. Meta Platforms, Inc.*, 3:25-cv-07671-CRB (N.D. Cal. Oct. 16, 2025), Dkt. No. 33 at 10–11 (citing *Astre v. McQuaid*, 804 F. App'x 665, 667 (9th Cir. 2020) (affirming dismissal of discrimination claim because the "allegations [did] not give rise to a plausible inference that [defendant's] alleged racially discriminatory actions caused the alleged impairment" because "the 'complaint identifie[d] independent non-discriminatory reasons for' the alleged impairment") (citation omitted)). Because the California Complaint did not allege that Plaintiff's account complied with all of Meta's community standards, which extend beyond Meta's CSE policy, the motion to dismiss argued: "An alternative explanation for Accenture's recommendation—a legitimate community standards

3

violation by Ballentine—is consistent with the facts alleged in the complaint." *Id.* at 11.

Plaintiff amended his complaint. Plaintiff then emailed Accenture's counsel—Devin Anderson and Chris Keegan of Kirkland & Ellis LLP—requesting that Accenture clarify in its forthcoming motion to dismiss that it did not contend that Plaintiff violated child protection laws. SAC ¶ 5. Accenture responded: "We do not think that the motion suggested—explicitly or implicitly—that there was an actual violation of child protection laws." Ex. 1 (Oct. 28, 2025 email from D. Anderson). Anderson nonetheless conveyed that in "Accenture's forthcoming motion to dismiss, and as a courtesy, we will include language reinforcing this point." *Id.* Accenture's revised motion to dismiss argued: "An alternative explanation for Accenture's recommendation—a legitimate violation of another community standard **unrelated to CSE**—is consistent with the facts alleged in the complaint." Accenture's Motion to Dismiss Plaintiff's First Amended Complaint, *Ballentine v. Meta Platforms, Inc.*, 3:25-cv-07671-CRB (N.D. Cal. Oct. 31, 2025), Dkt. No. 40 at 10 (emphasis added).

During the pendency of the California Action, Plaintiff filed several requests seeking to open discovery, including a motion to advance the initial case management conference, Dkt. No. 20, California Action, and a motion requesting an order directing the parties to conduct an early Rule 26(f) conference. Dkt. No. 36, California Action. Each of these requests was denied by the district court. *See* Dkt. Nos. 32 and 47, California Action.

## II.    Plaintiff Abandons the California Action and Files a Harassing Series of Lawsuits in Florida

Apparently frustrated by his inability to obtain discovery in the California Action, Plaintiff voluntarily dismissed the California Action before that court was able to rule on the pending motions to dismiss and refiled his claims in this Court. *See* Notice of Voluntary Dismissal, Dkt. No. 63, California Action. Days later Plaintiff refiled the same claims against Accenture and Meta and two other defendants in this Court. *Ballentine v. Meta Platforms, Inc. et al*, 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026).[1]

Plaintiff also filed a separate lawsuit against Meta, Accenture, Kirkland, and Anderson in this Court for defamation, civil conspiracy to defame, and IIED based on statements made in the motions to dismiss that Accenture filed in the California Action. Dkt. No. 1. Plaintiff asserted that Accenture's motion to dismiss was defamatory and that Meta's and Accenture's litigation conduct suggested that they conspired against him—even though Meta did not make the argument that is the subject of the present action in its own motion to dismiss. *Id.* ¶¶ 1, 72. Plaintiff then tried to remove Anderson—Accenture's notice counsel for the California Action— from correspondence between Plaintiff and the parties' counsel related to the ongoing litigation. When Keegan insisted that Anderson, as notice counsel, remain copied on

---

[1]    In this complaint, Plaintiff expressed frustration with the California court's rulings, noting among other things that the court would not allow him to pursue discovery. *See* Complaint, Dkt. No. 1 ¶ 9, California Action. He has since filed a complaint of judicial misconduct against both judges as well as a petition for a writ of mandamus based on the Court's rulings in that lawsuit. *Id.*, Dkt. No. 91.

litigation correspondence, Plaintiff immediately amended his complaint to add Keegan as a defendant. Dkt. No. 4. Plaintiff asserted claims of IIED and civil conspiracy against Keegan. *Id.* ¶¶ 81–104.

Then, Plaintiff filed his fourth lawsuit in Florida state court against all the defendants collectively, asserting both the discrimination claims as well as the defamation and IIED claims. *Ballentine v. Meta Platforms, Inc., et al.*, No. 35-2026-CA-000494 (Fla. Cir. Ct. Mar 2, 2026) ("Omnibus Action"). Accenture removed the case to this Court, after which Plaintiff amended the complaint, alleging that Anderson and Accenture continued to defame him in the notice of removal by quoting the allegedly defamatory statement from the California motion to dismiss. Accenture's Notice of Removal, Dkt. No. 1, *Ballentine v. Meta Platforms, Inc. et al*, :5:26-cv-00213-AGM-PRL (M.D. Fla. Mar. 25, 2026); First Amended Complaint, Dkt. No. 32, *Ballentine v. Meta Platforms, Inc. et al*, :5:26-cv-00213-AGM-PRL (M.D. Fla. Apr. 2, 2026). Plaintiff also alleged that by filing the notice of removal instead of agreeing to "pause" some of the litigation, Accenture and its counsel had engaged in additional IIED. First Amended Complaint, Dkt. No. 32, *Ballentine v. Meta Platforms, Inc. et al*, :5:26-cv-00213-AGM-PRL (M.D. Fla. Apr. 2, 2026). In short, no matter what litigation-related actions the parties and their counsel take, if Plaintiff does not like their arguments or litigation strategy, he harasses the parties with further frivolous claims. Plaintiff also took issue with this Court enforcing its word limit on opposition briefs and has filed numerous complaints about judicial conduct. *See, e.g.*, Ex. 2. As such, Plaintiff continues his

pattern of using continuous litigation to harass parties engaging in ordinary-course litigation conduct.

### III. Plaintiff Ignores Discovery Rules and Harasses Anderson by Noticing His Deposition

Within the context of Plaintiff's aggressive assertion of frivolous claims, Defendants have tread cautiously in engaging with Plaintiff more than is required. Defendants timely moved to dismiss all the claims against them, based on Florida's litigation privilege, for failure to state a claim, and, as to Meta, lack of personal jurisdiction. Dkt. Nos. 26, 42, 44. Since opening this action, however, Plaintiff has again made repeated attempts to initiate an expedited discovery process. First, Plaintiff filed a Time-Sensitive Motion for a Scheduling Directive Regarding Rule 26(f) Conference and Case Management Report, asking for the Rule 26(f) conference "to be conducted by written exchange" and on an expedited timeline. Dkt. No. 28. Although that motion remains pending, Plaintiff again has tried to expedite the discovery process through his communications with Defendants. After Anderson and Keegan sent an initial Rule 26(f) proposal to Plaintiff, he unilaterally declared—without any conferral and well before the Rule 26(f) submission deadline—that the Rule 26(f) conference had ended and proceeded to notice a deposition of Anderson on April 27, 2026, despite Anderson and Keegan's counsel's requests to confer and despite Anderson and Keegan's proposed scheduling order deferring discovery until after resolution of their dismissal motion. Ex. 3; Ex. 4.

Defendants now move jointly to stay discovery pending resolution of their dispositive motions to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) grants courts wide discretion to issue, upon a showing of "good cause," an order staying discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In "deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Regions Bank v. Kaplan*, 2014 WL 12810531, at *1 (M.D. Fla. Jan. 31, 2014) (citation omitted).

## ARGUMENT

None of the Defendants should be required to participate in discovery. First, Defendants are entitled to immunity from litigating against each of Plaintiff's claims. Second, Plaintiff has not stated a claim upon which relief can be granted. And third, this Court lacks personal jurisdiction over Meta. This Court already denied Plaintiff's attempt to expedite discovery, and Plaintiff should not be allowed to harass Defendants with needless discovery before this Court rules on Defendants' dismissal motions. Such discovery—particularly Plaintiff's noticed deposition of Anderson on April 27—would unduly burden Defendants, and the Court should stay discovery pending the resolution of Defendants' motions to dismiss.

## I.    Defendants Are Entitled to Immunity Pursuant to Florida's Litigation Privilege

Florida's litigation privilege provides "absolute immunity" to parties, including counsel, who engage in litigation conduct related to ongoing judicial proceedings "so that participants in a lawsuit are unhindered in exercising their judgment as to the best way to prosecute or defend the lawsuit." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004). "The litigation privilege in Florida provides all persons involved in judicial proceedings, including parties and counsel, an absolute privilege from civil liability for acts taken in relation to those proceedings." *Cherdak v. Cottone*, 2023 WL 2044608, at *4 (M.D. Fla. Feb. 16, 2023) (citation omitted).

Here, Defendants' alleged conduct is clearly immune from suit. In fact, Plaintiff concedes—as he must—that his defamation claims, including his derivative conspiracy claim against all Defendants, rest entirely on statements made "in federal court filings" and conduct occurring "[i]n the course of" his California Action. SAC ¶¶ 1, 85. Defendants, therefore, should never have been sued by Plaintiff and are protected from having to engage in litigation for such claims. *Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1304, 1313 (M.D. Fla. 2025) (the litigation privilege applies when the "defamatory statements at issue were made either in front of a judicial officer or in pleadings or documents filed with the court"). Likewise, Keegan's alleged conduct occurred in "email communications with Plaintiff" regarding the California Action, SAC ¶ 102, which "clearly trigger[ed] the litigation privilege[,]" *Cherdak*, 2023 WL 2044608, at *5; *Jackson*, 372 F.3d at 1276 ("[E]vents

9

taking place outside the courtroom during discovery or settlement discussions are no less an integral part of the judicial process, and thus deserving of the protection of the [litigation] privilege, than in-court proceedings." (citation omitted)).

Because Defendants are entitled to absolute immunity from litigating these claims, Plaintiff should not be permitted to harass Defendants with deposition notices and other frivolous discovery requests. To conclude otherwise would circumvent the role of immunity, which provides a "right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017); *see also In re Lickman*, 304 B.R. 897, 903 (Bankr. M.D. Fla. 2004) ("The policy behind immunity does not merely extend to suits, it also extends to protection against discovery."); *Clarke v. Prummell*, 2025 WL 4686736, at *2 (M.D. Fla. Oct. 16, 2025) ("[D]istrict courts routinely stay discovery until the issue of immunity is resolved." (citation omitted)). Here, Defendants have already asserted immunity; accordingly, a stay of discovery is appropriate.

## II. The Motions to Dismiss Raise Independent Dispositive Arguments for Dismissal of the SAC

Because Plaintiff has tried to weaponize a federal-court lawsuit to harass Defendants for normal-course conduct in defending a client in litigation, discovery is unnecessary at this stage because the SAC does not state a claim for relief, independent of the litigation privilege

*First*, Plaintiff's defamation claim does not state a claim against Anderson for relief because it fails to adequately allege that the at-issue statements were false or

defamatory.  Instead, Plaintiff alleges that Anderson defamed him by stating in a court filing that "[a]n alternative explanation for Accenture's recommendation [to terminate Ballentine's account]—a legitimate community standards violation by Ballentine—is consistent with the facts *alleged in the complaint*."  Ex. 5 (Oct. 16 Mot. to Dismiss) at 11 (emphasis added); SAC ¶ 76.  This statement is part of a routine motion-to-dismiss argument which describes what the California Complaint did (or did not) state.

Further, when considered in the context of the underlying California Action, it is clear that these statements have no feasible defamatory or harmful effect.  *See Rubin v. U.S. News & World Rep., Inc.*, 271 F.3d 1305, 1306 (11th Cir. 2001) (If "a communication could not possibly have a defamatory or harmful effect, the court is justified in dismissing the complaint for failure to state a cause of action."); *see also Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107–08 (Fla. 2008) (for defamation by implication, Courts "consider the context in which the statement is made").

*Second*, Plaintiff's civil conspiracy to defame claim against all Defendants necessarily fails given the underlying defamation claim is insufficient, including because the litigation privilege precludes it.  *See Button v. McCawley*, 2025 WL 50431, at *11 (S.D. Fla. Jan. 8, 2025) (determining that if "the count regarding the goal of the 'conspiracy' (defamation) fails, the conspiracy count fails too").  Because the defamation claim is not actionable, Plaintiff fails to state a claim of civil conspiracy to defame against any Defendant.  Even if the underlying defamation claim were sufficiently pled, this claim still fails.  Plaintiff has not established an agreement between Meta and counsel for Accenture, much less an agreement to conduct an

11

unlawful act.   Instead, Plaintiff only alleges that Defendants engaged in normal litigation communications and logistical coordination and admits that Meta's motions to dismiss did *not* contain any of the statements that Plaintiff is challenging here.   SAC ¶¶ 87–88; *see Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1319 (S.D. Fla. 2014) (dismissing conspiracy claim because plaintiff did not "actually allege that [defendants] acted together, but merely that they engaged in the same 'scheme'" because an "allegation of parallel conduct and a bare assertion of conspiracy will not suffice").

*Third*, Plaintiff's IIED claim against the Attorney Defendants fails to state a claim because it does not establish that the at-issue conduct was defamatory or harmful to Plaintiff.   Nothing alleged in the Second Amended Complaint arises to "extreme and outrageous" under the high standard imposed by Florida law.   *Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012) (citation omitted).   Keegan's conduct of twice adding counsel-of-record (Anderson) to communications regarding the California Action is normal litigation practice.   These standard communications did not involve any hallmarks of extreme and outrageous behavior like obscenities, racial epithets, threats of violence, nor any kind of verbal or physical abuse.   Further, to the extent Plaintiff accuses the Attorney Defendants of IIED based on the statements made in Accenture's motion to dismiss the California Complaint, such claim is barred by Florida's single action rule.   *See Cherdak*, 2023 WL 2044608, at *6 ("[Plaintiff's] intentional infliction of emotional distress claim would still be improper because it is merely a restatement of his defamation claim." (citation omitted)).

These independently dispositive deficiencies in Plaintiff's Second Amended Complaint warrant dismissal as to all claims against Defendants.  Accordingly, this Court should not permit discovery and should instead order a stay pending dismissal of the complaint.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins.").

## III.   Discovery Is Not Appropriate as to Meta Because Meta Is Not Subject to Personal Jurisdiction in This Court

Meta's motion to dismiss also presents a threshold issue with Plaintiff's Second Amended Complaint: there is no personal jurisdiction over Meta in Florida.  *See* Dkt. No. 44 at 7–11.  Courts in the Eleventh Circuit also find good cause to stay discovery "when faced with legitimate jurisdictional [] challenges," and are unequivocal in such cases that "discovery should not commence until such challenges are resolved." *Betancourt v. Corporacion Hotelera Palma*, LLC, 2024 WL 5110074, at *3 (S.D. Fla. Nov. 15, 2024) (staying discovery pending resolution of motion to dismiss for lack of personal jurisdiction) (alteration in original), *report and recommendation adopted*, 2024 WL 5108402 (S.D. Fla. Dec. 13, 2024).  Meta "is a Delaware corporation with its principal place of business" in California, and thus personal jurisdiction is not appropriate in Florida.  *See* Dkt. No. 44 at 7; *see also* SAC ¶ 12.

In light of Meta's jurisdictional challenge, requiring it to participate in any discovery would constitute an undue burden that separately justifies a stay of

13

discovery. *See Anderson v. Bullard*, 2018 WL 5920476, at \*1 (M.D. Fla. Nov. 13, 2018) (granting motion to stay discovery based on finding that defendant's "motion to dismiss presents a nonfrivolous challenge to the court's personal jurisdiction over [defendant]"); *see also Sallie v. Spanish Basketball Fed'n*, 2013 WL 5253028, at \*2 (D. Colo. Sept. 17, 2013) ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [it] to undue burden or expense, particularly if the motion to dismiss is later granted") (alteration in original). Accordingly, because Meta's motion to dismiss demonstrates this Court lacks personal jurisdiction over Meta, the Court should not require it to participate in discovery prior to resolving its motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court should stay discovery pending the resolution of Defendants' motions to dismiss.

Dated: April 21, 2026

Respectfully submitted,

/s/ *Marianna C. Chapleau*
Marianna C. Chapleau (FBN. 1059142)
*LEAD COUNSEL*
Patrick Malone (FBN. 1051725)
KIRKLAND & ELLIS LLP
Three Brickell City Centre,
98 S.E. 7th St., Suite 700
Miami, FL 33131
Tel: (305) 432-5600
Fax: (305) 432-5601
mchapleau@kirkland.com
patrick.malone@kirkland.com

*Counsel for Defendants Devin S. Anderson
and Christopher W. Keegan*

/s/ *Diana Marie Fassbender*
Diana Marie Fassbender (BN 17095)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone: (202) 339-8533
Facsimile: (202) 339-8500
dszego@orrick.com

*Counsel for Defendant Meta Platforms, Inc.*

15

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), counsel for Defendants Devin S. Anderson and Christopher W. Keegan attempted to confer with Plaintiff by email on April 20, 2026. At the time of this filing, Plaintiff has not responded to the conferral email. Undersigned counsel will update this Court should Plaintiff respond to the conferral email.

*/s/ Marianna Chapleau*
Marianna Chapleau

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve Notice of Filing on all counsel of record. I also certify that I caused a true and correct copy of this motion to be served via FedEx to Plaintiff at the address below:

> Marvelle J. Ballentine
> 7862 W. Irlo Bronson Memorial Hwy.
> #82
> Kissimmee, FL 34747
> jayballentine@protonmail.com

*/s/ Marianna Chapleau*
Marianna Chapleau

17