UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARVELLE J. BALLENTINE,

    *Plaintiff,*

    v.                      Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

    *Defendants.*

## PLAINTIFF'S OPPOSITION TO DEFENDANTS ANDERSON AND KEEGAN'S TIME-SENSITIVE MOTION FOR PROTECTIVE ORDER (DKT. 50)

Defendants Anderson and Keegan filed a motion designated "time-sensitive" under Local Rule 3.01(f) seven days after the April 14, 2026 conferral on which the motion depends. The designation is not supported by the record. The underlying protective order is not supported by Rule 26(c)(1).

### I. THE TIME-SENSITIVE DESIGNATION IS NOT SUPPORTED.

Local Rule 3.01(f) conditions a "time-sensitive" designation on genuine exigency that the movant did not create. The record establishes the opposite.

The deposition on which Defendants base their motion was originally noticed for April 7, 2026. On April 10, 2026, Plaintiff provided Defendants with

1

Defendants requested a Local Rule 3.01(g) conferral. On April 14, 2026, Plaintiff made himself available by telephone at 4:00 p.m. EST—within twenty-four hours of Defendants' request. Defendants filed the present motion on April 21, 2026— seven days after the conferral and fourteen days after the deposition was first noticed.

The deposition Defendants invoke as the source of exigency was on their calendar by April 7, 2026. Defendants did not file a protective order then. They did not file one on April 10 when the logistics were provided. They did not file one on April 14 at the conferral. They filed on April 21—after approximately two weeks of notice—and then designated the filing "time-sensitive" to demand a ruling by April 24, 2026, approximately seventy-two hours after filing.

The operational consequence is structural. The default response period under Local Rule 3.01(d) is fourteen days. The time-sensitive designation collapses that window to approximately seventy-two hours and forecloses a full briefing cycle. The compressed calendar is a function of Defendants' scheduling choices, not of any circumstance beyond their control. Local Rule 3.01(f) does not authorize a litigant to manufacture exigency by delay and then invoke the rule to shift the cost of that delay to the opposing party and to the Court.

2

## II.   DEFENDANTS HAVE NOT CARRIED THE RULE 26(c)(1) BURDEN.

Rule 26(c)(1) places on the movant the burden of demonstrating "good cause" with particularity. Conclusory assertions of burden do not suffice. Discovery stays in this District are "the exception, not the rule." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The motion rests on two propositions. Neither supports the relief requested.

### A.   Florida's Litigation Privilege Is Not a Freedom-From-Suit Immunity.

Defendants invoke Florida's litigation privilege as an "immunity" foreclosing all discovery. Florida's litigation privilege is an affirmative defense to liability. *DelMonico v. Traynor*, 116 So. 3d 1205, 1219–20 (Fla. 2013). It is not coextensive with the qualified-immunity doctrine addressed in *Howe v. City of Enterprise*, 861 F.3d 1300 (11th Cir. 2017), which governs government officials entitled to freedom from suit. Anderson and Keegan are private defendants asserting a merits defense. *Cherdak v. Cottone*, 2023 WL 2044608 (M.D. Fla. Feb. 16, 2023), is a Rule 12(b)(6) decision; it does not hold that invocation of the privilege forecloses discovery by its own force. The Eleventh Circuit has held that the privilege does not offer "per se immunity against any and all causes of action that arise out of conduct in judicial proceedings." *Sun Life Assurance Co. of Canada v. Imperial Premium Finance, LLC*, 904 F.3d 1197, 1219–20 (11th Cir. 2018).

3

**B.    Chudasama Does Not Authorize a Discovery Stay on This Record.**

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997), does not authorize an automatic discovery stay pending disposition of a motion to dismiss. *Chudasama* addresses the narrow circumstance in which a potentially dispositive motion is "clearly meritorious." The pending motion to dismiss presents contested questions concerning the temporal and subject-matter scope of the privilege—questions that the opposition establishes are not resolvable on the pleadings. Dkt. 29. Defendants have separately moved to stay discovery (Dkt. 48) on the same grounds advanced here. The present motion is a duplicative vehicle for the same relief.

## III.  THE  MOTION  MISCHARACTERIZES  ANDERSON'S PROCEDURAL POSITION.

The motion repeatedly characterizes Anderson as "Accenture's counsel in the California action." Anderson is a party-defendant in this action. The noticed deposition concerns his own conduct giving rise to the claims pleaded against him in the Second Amended Complaint, not his representation of a third party in a different proceeding. The framing in the motion does not reflect the procedural posture.

## IV.  CONCLUSION

The motion should be denied. In the alternative, if the Court considers the merits, the full fourteen-day response period under Local Rule 3.01(c) should apply.

5

Dated: April 22, 2026

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy., #82
Kissimmee, FL 34747
jayballentine@protonmail.com
Plaintiff, *pro se*

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine
Plaintiff, *pro se*

6