## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARVELLE J. "JAY" BALLENTINE,

> *Plaintiff,*

> v.                                    Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.;
and CHRISTOPHER W. KEEGAN,

> *Defendants.*

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION

## TO STAY DISCOVERY AND HOLD RULE 26(f)

## REQUIREMENTS IN ABEYANCE (Dkt. 49)

The Joint Motion asks this Court to stay all discovery and to hold Rule 26(f) requirements in abeyance on the premise that Florida's absolute litigation privilege is sufficiently dispositive to justify halting discovery. That premise depends on preliminary answers to two unresolved questions:

(1)    Is Florida's litigation privilege categorically dispositive for stay purposes, or does it remain a pertinency-limited defense whose conclusive applicability must appear on the face of the complaint before it can justify halting discovery?

(2)     May Defendants obtain an order holding Rule 26(f) requirements in abeyance where, by their own account, the parties commenced the Rule 26(f) process by written exchange and the remaining dispute concerns the contents of the report and the timing of specific discovery, not the existence of the conference itself?

Neither question has been briefed by any Defendant. Neither is resolved by controlling authority in the context presented.

## I.     GRANTING THE STAY WOULD REQUIRE PRELIMINARY COMMITMENT TO UNBRIEFED PROPOSITIONS

On this record, the relief requested would rest on at least four threshold propositions the Joint Motion does not address:

(1)     that the litigation privilege operates categorically rather than as a pertinency-limited doctrine;

(2)     that the privilege's relation requirement is satisfied on the face of the pleadings where the complaint alleges that the challenged accusation was not necessary to any legal issue actually presented, and where the underlying filing identified no content, no community standard, and no factual basis for the asserted violation;

(3)     that Rule 26(f) requirements may be held in abeyance retroactively despite a written-exchange conferral process already undertaken; and

(4)     that personal-jurisdiction objections warrant halting discovery altogether rather than permitting limited jurisdictional discovery.

2

A blanket stay would function as a preliminary commitment to propositions the motion leaves undeveloped.

## II.    THE RULE 26(f) REQUEST IS MISFRAMED

Defendants do not seek merely to pause a future Rule 26(f) process. The parties have engaged in a written Rule 26(f) exchange in which Plaintiff initiated the conference, Defendants responded with a draft Case Management Report, Defendants requested Plaintiff's final positions by a stated deadline, and Plaintiff provided those positions before Defendants filed this motion. Defendants themselves acknowledge that Rule 26(f) proposals were exchanged. The dispute therefore is not whether a Rule 26(f) process occurred, but whether the parties reached agreement on the contents of the resulting report and on the timing of subsequent discovery.

Rule 26(f) assigns the parties joint responsibility to arrange the conference, to attempt in good faith to agree on a proposed discovery plan, and to submit a written report after the conference. Fed. R. Civ. P. 26(f)(1)–(2). Local Rule 3.02(b) independently requires the case management report to be filed within forty days after any defendant appears. That timeline is not subject to unilateral extension or retroactive suspension by either side.

An order holding Rule 26(f) requirements in abeyance would function as a preliminary commitment to Defendants' undeveloped premise that no Rule 26(f) conference occurred, even though a written exchange has already taken place.

Defendants cite no authority permitting the retroactive suspension of a Rule 26(f) process already begun and a Local Rule filing deadline already running.

## III.   THE LITIGATION PRIVILEGE IS PERTINENCY-LIMITED, AND PERTINENCY IS CONTESTED ON THE FACE OF THE PLEADINGS

Florida's absolute litigation privilege applies only to statements that "bear some relation to the proceeding" in which they are made. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *see also DelMonico v. Traynor*, 116 So. 3d 1205, 1219 (Fla. 2013) (reaffirming relation requirement). Its applicability turns on pertinency.

Defendants cite *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004), and *Cherdak v. Cottone*, 2023 WL 2044608 (M.D. Fla. Feb. 16, 2023). Neither decision holds that a federal court may apply the privilege at Rule 12 without first determining that pertinency appears on the face of the complaint. Whether pertinency so appears in the Second Amended Complaint is a threshold question any privilege-based dismissal must confront. It has not been briefed.

The Second Amended Complaint alleges that the underlying motion's actual arguments concerned statute of limitations, causation, Section 230, and comparator adequacy, and that none required a determination that Plaintiff committed a "legitimate community standards violation." The Second Amended Complaint further alleges that the underlying filing identified no content, no community standard, and no factual basis for the asserted violation. Whether an

unsupported accusation bearing no identified relation to any issue actually litigated can satisfy the privilege's relation requirement is a threshold question. The Joint Motion presumes the answer.

## IV.    PERSONAL JURISDICTION AUTHORIZES LIMITED JURISDICTIONAL DISCOVERY

The Eleventh Circuit recognizes that a plaintiff confronting a genuine personal-jurisdiction challenge is entitled to reasonable jurisdictional discovery. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999). The authority Defendants cite stays merits discovery while permitting jurisdictional discovery. That is materially different from the blanket freeze requested.

## V.    CONCLUSION

The Joint Motion asks the Court to stay discovery on the strength of the litigation privilege, yet Defendants do not engage the threshold pertinency question the privilege itself requires. The Joint Motion further asks the Court to hold Rule 26(f) requirements in abeyance on the premise that no conferral has occurred, yet Defendants' own motion describes a written proposal-and-response sequence. A stay motion that presumes categorical immunity where Florida law requires pertinency analysis, and that presumes non-conferral where Defendants' own factual recital establishes the opposite, is not the vehicle to resolve those questions.

The Joint Motion should be denied.

If the Court is inclined to limit discovery, the disciplined course is not a blanket freeze and not an order retroactively suspending a Rule 26(f) process already undertaken by written exchange. It is a narrow order preserving any stay of merits discovery while permitting only threshold discovery into:

(i)     personal jurisdiction as to Meta;

(ii)    documents and communications bearing on the pertinency of the challenged accusation to the issues actually presented by the underlying motion practice; and

(iii)   examination of Defendant Anderson bearing on the pertinency of the challenged accusation to the issues actually presented by the underlying motion practice, which examination is the only available means of determining whether the litigation privilege applies.

Date: April 22, 2026

Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all counsel of record.

Marvelle J. Ballentine
Plaintiff, *pro se*

7