**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.                    Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.; and
CHRISTOPHER W. KEEGAN,

    *Defendants.*

## PLAINTIFF'S RE-FILED OPPOSITION TO DEFENDANTS'

## TIME SENSITIVE MOTION FOR PROTECTIVE ORDER

## (DKT. 50)

This re-filed opposition is submitted in compliance with the 500-word limit set forth in this Court's Standing Order on Discovery Motions (Dkt. 13), and supersedes Plaintiff's prior response. Defendants' "time-sensitive" designation under Local Rule 3.01(f) is not supported. The factual predicate on which the exigency depends is contradicted by the record and by Defendants' own filing.

### I.    THE RECORD CONTRADICTS DEFENDANTS' CHARACTERIZATION.

Defendants assert in the motion body that Plaintiff "refus[ed] to respond to Defendants' proposed discovery schedule," "summarily announc[ed] the Rule

26(f) conference 'closure,'" and that "there has been no Rule 26(f) conference." Dkt. 50 at 2. The record reflects the opposite:

- **March 25, 2026:** Plaintiff initiated the Rule 26(f) conference in writing.

- **April 2, 2026:** Defendants agreed to respond by April 6.

- **April 6, 2026:** Defendants submitted their positions and requested Plaintiff's draft Case Management Report ("CMR") by April 17.

- **April 7, 2026:** Plaintiff noticed Anderson's deposition for April 28, 2026.

- **April 10, 2026:** Plaintiff re-served the deposition notice with logistical information.

- **April 13, 2026:** Defendants requested a Local Rule 3.01(g) telephone conferral.

- **April 14, 2026:** The parties conferred by telephone.

- **April 21, 2026:** Plaintiff delivered an executed Case Management Report to Defendants — hours before Defendants filed the present motion.

Defendants' Rule 3.01(g) certification on page five of the motion acknowledges the April 14 telephonic conferral. Dkt. 50 at 5. The motion body's assertion that "there has been no Rule 26(f) conference" is contradicted by the certification within the same filing. The assertion that Plaintiff "refused to respond" is contradicted by Plaintiff's March 25 first proposal, the parties' April 6 written exchange, the April 14 telephone conference, and the executed Case Management Report delivered to Defendants on April 21.

## II.    THE TIME-SENSITIVE DESIGNATION IS UNSUPPORTED.

Local Rule 3.01(f) conditions the time-sensitive designation on a good-faith showing of genuine exigency and expressly contemplates sanctions for

"unwarranted designation." The deposition on which Defendants rest the designation was noticed on April 7 for an April 28 sitting. Defendants had twenty-one days' notice. Defendants did not move on April 10 when logistics were provided. Defendants did not move on April 14 at the conferral. Defendants waited until April 21 — fourteen days after the deposition was noticed, seven days after the conferral, and the same day Plaintiff delivered the executed Case Management Report. Defendants then demanded a ruling by April 24, approximately seventy-two hours after filing.

This Court's Standing Order on Discovery Motions (Dkt. 13) provides a five-day response period computed under Fed. R. Civ. P. 6(a). The ruling window Defendants demand is shorter than Plaintiff's own response period under the Court's order. The compressed calendar is not a function of any external circumstance; it is a function of Defendants' filing choice. Rule 3.01(f) does not authorize a litigant to delay, file, and then demand relief from the delay.

## III. RELIEF REQUESTED.

Plaintiff respectfully requests that the Court strike the "time-sensitive" designation under Local Rule 3.01(f) and deny the motion.

3

Date: April 24, 2026                                      Respectfully submitted,



Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court, which will serve notice on all counsel of record via the Middle District of Florida's CM/ECF System.

.

Marvelle J. Ballentine
Plaintiff, pro se