**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARVELLE J. BALLENTINE,**

> **Plaintiff,**

**v.**                                               **Case No: 6:26-cv-0286-AGM-DCI**

**DEVIN ANDERSON, META**
**PLATFORMS, INC., and**
**CHRISTOPHER KEEGAN,**

> **Defendants.**

---

## ORDER

This matter comes before the Court on Defendants Anderson and Keegan's Time-Sensitive Motion for Protective Order. Doc. 50 (the Motion). Plaintiff Marvelle J. Ballentine (Ballentine) filed a response (Doc. 55),[1] and the matter is now ripe for review. As will be explained, the Motion is due to be **GRANTED**.

Defendants Devin Anderson and Christopher Keegan (Defendants) seek a protective order pursuant to Rule 26(c)(1) "temporarily staying discovery pending the resolution of Defendants' motion to stay." Doc. 50 at 1. Defendants contend that good cause exists to grant the Motion because: "there has been no Rule 26(f) conference"; Defendants' motions to dismiss remain pending; and the discovery Ballentine seeks purportedly invades matters "protected by the litigation privilege." *Id.* at 2-3. In response, Ballentine challenges two elements of the Motion—the "time sensitive" designation and Defendants' assertion that "there has been no Rule 26(f)

---

[1] Ballentine filed a motion to withdraw his initial response (Doc. 51), which the Court granted. Accordingly, docket entry 55 is the operative response to the Motion.

conference." Doc. 55 at 2-3. Neither issue bears on the inquiry before the Court—namely, whether Defendants have demonstrated good cause for the relief they seek under Rule 26(c)(1). Regardless, the undersigned finds that Defendants have made a showing of "good cause" for a protective order.

A party engaging in discovery may seek to obtain "materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case." *United States v. S. Cap. Constr., Inc.*, 2018 WL 7017412, at *1 (M.D. Fla. Sept. 24, 2018) (citing Fed. R. Civ. P. 26(b)(1)). The Eleventh Circuit has long recognized that a "district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). This discretion extends to "determining the scope and effect of discovery, including the placement of time and subject matter restrictions." *Bennett v. Langford*, 796 F. App'x 564, at *566 (11th Cir. 2019) (citation omitted). To that end, Rule 26(c)(1) enables a court to issue a protective order precluding discovery "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A). The movant bears the burden of showing that good cause exists for the court to grant such an order. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989).

Here, Defendants have demonstrated that good cause exists. In the Motion, Defendants note that their pending motion to dismiss raises the issue of litigation privilege—a privilege they assert "provides 'absolute immunity' to litigation conduct." Doc. 50 at 2 (quoting *Cherdak v. Cottone*, 2023 WL 2044608, at *4 (M.D. Fla. Feb. 16, 2023)). Further, a motion to stay discovery pending resolution of the motion to dismiss also remains pending. Without opining on the validity or applicability of the "litigation privilege" in this case—that question will be resolved when the Court addresses the pending dispositive motions—the undersigned finds that the assertion of

2

litigation immunity here—in conjunction with the pending motion to stay discovery—is "good cause" to grant the limited protective order Defendants seek.  *See Mack v. Lee Mem'l Health Sys.,* 2024 WL 493002, at *1 (M.D. Fla. Feb. 8, 2024) (collecting cases and noting that "immunity claims often call for protection from discovery").  Indeed, requiring Defendants to sit for a deposition when a motion to stay discovery pending resolution of the motion to dismiss on the issue of immunity remains pending "would undercut the protection immunity was meant to afford."  *Saito v. Collier Cnty. Mun. Corp.*, 2023 WL 2305965, at *2 (M.D. Fla. Mar. 1, 2023).  Accordingly, the undersigned finds that good cause exists to issue the limited protective order Defendants seek.

It is **ORDERED** that Defendants' Motion (Doc. 50) for a protective order is **GRANTED** such that Defendant Devin Anderson is not required to attend the deposition noticed for April 28, 2026.  Discovery is temporarily stayed pending resolution of the motion to stay discovery (Doc. 49).

**ORDERED** in Orlando, Florida on April 27, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

3