**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. "JAY"
BALLENTINE,

        Plaintiff,

    v.

DEVIN S. ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER W. KEEGAN,

        Defendants.

Case No. 6:26-CV-00286-AGM-DCI

---

**<u>Uniform Case Management Report</u>**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1.    Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

**Defendants Anderson and Keegan's Position:**

The parties conducted the planning conference via email beginning with Plaintiff's proposal on March 25, 2026. Marianna C. Chapleau and Patrick Malone communicated for Defendants Devin S. Anderson ("Anderson") and Christopher W. Keegan ("Keegan"), and Plaintiff represented himself in communications.

**Plaintiff's Position:**

Plaintiff confirms that the Rule 26(f) planning conference was conducted by email beginning with Plaintiff's written proposal on March 25, 2026, and continued

through subsequent written exchanges between Plaintiff and counsel for Defendants Anderson and Keegan. Defendant Meta Platforms, Inc. did not participate in the Rule 26(f) conference. Plaintiff remains available to confer with counsel for Meta upon Meta's appearance or designation of counsel for purposes of Rule 26(f). On April 7, 2026 Plaintiff served upon Defendant Devin S. Anderson a Notice of Deposition pursuant to Fed. R. Civ. P. 30 setting Defendant Anderson's deposition for April 28, 2026. On April 8, 2026, counsel for Defendants Anderson and Keegan communicated in writing that: *"We will not submit our joint Rule 26(f) submission to the Court until April 27, 2026 at which time the Court will rule on our conflicting positions, and the Rule 26(f) conference will be complete. We will not respond to discovery or participate in any depositions before that time."* No court order has been entered staying discovery or authorizing the non-appearance. Plaintiff intends to proceed with the April 28, 2026 deposition as noticed and reserves all rights and remedies under Fed. R. Civ. P. 30 and 37.

## 2.    Deadlines and Dates

**Plaintiff's Position:**

Plaintiff requests the following deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | May 11, 2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | July 27, 2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | | September 25, 2026 |
| | Plaintiff | |
| | Defendant | 10/26/2026 |
| | Rebuttal | November 24, 2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | December 23, 2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |

2

| | |
|---|---|
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | January 25, 2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator to be agreed upon by the parties at a later date. | December 23, 2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | May 24, 2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | June 14, 2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | June 21, 2027 |
| Month and year of the trial term. | July 2027 |

**Defendants Anderson and Keegan's Position:**

Defendants Anderson and Keegan contend discovery should be stayed as unduly burdensome and unnecessary at this time primarily because their Motion to Dismiss is entirely dispositive of this matter, and "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins[,]" *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Furthermore, courts have "broad discretion to stay discovery 'until preliminary questions that may dispose of the case are determined.'" *Grant v. Ocwen Loan Servicing, LLC.*, No. 3:15-CV-1376-J-34PDB, 2016 WL 8997474, at *1 (M.D. Fla. May 10, 2016). Even if Defendants Anderson and Keegan's Motion to Dismiss does not dispose of this entire action, it likely will substantially narrow the scope for any remaining claims. Accordingly, Defendants Anderson and Keegan anticipate filing a Motion to Temporarily Stay Discovery after filing this report.

Thus, Defendants Anderson and Keegan request the following deadlines and dates to commence after the Court rules on their Motion to Dismiss:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 14 days after resolution of Anderson and Keegan's |

3

| | | |
|---|---|---|
| | | Motion to Dismiss. |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 30 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 150 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| | Defendant | 180 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| | Rebuttal | 195 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 210 days after resolution of Anderson and Keegan's Motion to Dismiss. |

4

| | |
|---|---|
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 240 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Mediator to be agreed to by the parties at a later date. | 225 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | Enter a date. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 330 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 360 days after resolution of Anderson and Keegan's Motion to Dismiss. |
| Month and year of the trial term. | 390 days after resolution of Anderson and Keegan's |

| | Motion to Dismiss. |
|---|---|
| | |

The trial will last approximately 3-4 days and be

☒ jury.

☐ non-jury.

### 3. Description of the Action

**Defendants Anderson and Keegan's Description:**

The Second Amended Complaint alleges state law claims for: (1) defamation (libel), (2) civil conspiracy to defame, and (3) intentional infliction of emotional distress. Plaintiff alleges that Defendant Anderson on behalf of, and in defense of Accenture LLP published defamatory statements in federal court filings that falsely implied Plaintiff committed child sexual exploitation violations.

**Plaintiff's Description:**

The Second Amended Complaint alleges three state-law claims. Count I alleges defamation by libel against Defendant Devin S. Anderson based on two motions to dismiss signed and filed by Anderson on behalf of non-party Accenture LLP in Ballentine v. Meta Platforms, Inc., et al., No. 3:25-cv-07671-CRB (N.D. Cal.) (the "Federal Action"): the First Motion filed October 16, 2025 and the Second Motion filed October 31, 2025. Count II alleges civil conspiracy to defame against all three Defendants — Anderson, Meta Platforms, Inc., and Christopher W. Keegan — based on alleged coordination in the Federal Action culminating in the filings identified above and associated post-filing conduct. Count III alleges intentional infliction of emotional distress against Defendants Anderson and Keegan based on Anderson's conduct in filing the two motions after learning that Plaintiff had disclosed in the federal complaint his status as a survivor of childhood sexual abuse, and Keegan's subsequent email conduct on February 10, 2026 directing Plaintiff to communicate with Anderson after Plaintiff had twice removed Anderson from email chains and had stated in writing that he would not communicate with any named defendant in this action. Plaintiff alleges that the First Motion and Second Motion placed Plaintiff's name in proximity to child sexual exploitation terminology at a frequency set forth in tables within the Second Amended Complaint, and that the statements challenged in Count I bore no reasonable relation to the legal arguments presented. Plaintiff seeks compensatory damages in the amount of $100,000,000. Defendants Anderson and Keegan deny

6

liability and have moved to dismiss. Defendant Meta Platforms, Inc. has not yet appeared or responded to the Second Amended Complaint.

### 4.   Disclosure Statement

☒  Each party has filed a disclosure statement using the required form.

### 5.   Related Action

☒   The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**Related Actions Identified by Plaintiff:**

1.  Ballentine v. Meta Platforms, Inc., et al., Case No. 6:26-cv-00376-AGM-DCI (M.D. Fla.) (pending).

2.  Ballentine v. Meta Platforms, Inc., et al., Case No. 5:26-cv-00213-AGM-PRL (M.D. Fla.) (pending).

3.  Ballentine v. Meta Platforms, Inc., et al., Case No. 3:25-cv-07671-CRB (N.D. Cal.) (voluntarily dismissed without prejudice on February 13, 2026 and referenced as the "Federal Action" in the Second Amended Complaint).

### 6.   Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒   The parties do not consent.

## 7.   Preliminary Pretrial Conference

☒   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐   The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8.   Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.   Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐   Yes.

☒   No; instead, Defendants Anderson and Keegan object to the timing of Initial Disclosures as overly burdensome and unnecessary because their Motion to Dismiss may eliminate the need for any disclosures.  As such, Defendants Anderson and Keegan submit in good faith that this requirement should be stayed until after the Court rules on their Motion to Dismiss.

**Plaintiff's Position:** Plaintiff agrees to provide initial disclosures under Fed. R. Civ. P. 26(a)(1) within 14 days of entry of the scheduling order. Plaintiff does not agree to defer initial disclosures pending disposition of Defendants Anderson and Keegan's Motion to Dismiss. Rule 26(a)(1) disclosures are narrow in scope — identification of individuals likely to have discoverable information, documents supporting claims or defenses, a computation of damages, and insurance — and are not unduly burdensome. Plaintiff further states that Defendants Anderson and Keegan's Motion to Dismiss principally invokes the Florida litigation privilege. The litigation privilege is an affirmative

8

defense whose application requires that the challenged act occurred during the course of a judicial proceeding and bore some relation to that proceeding. As to Defendant Anderson, whether each challenged statement bore the required relation to the legal issues presented by the First Motion and the Second Motion is a fact-bound question; the Second Amended Complaint alleges that the statements were unsupported by any identified content, any identified community standard, or any identified factual basis, and were not necessary to any legal argument presented. As to Defendant Keegan, the conduct giving rise to Counts II and III consists of email exchanges between counsel and a pro se party on February 10, 2026, and whether that conduct qualifies as an act occurring during the course of a judicial proceeding for purposes of the privilege presents a distinct fact-bound question. Plaintiff reserves all arguments responsive to any motion to stay discovery that Defendants may file.

B.  Discovery may be needed on these subjects:

**Plaintiff's Position:**
Plaintiff anticipates discovery on the following subjects, without limitation:

(1) the authorship, publication, and filing of the First Motion (filed October 16, 2025) and the Second Motion (filed October 31, 2025) in the Federal Action, including the identity of each person who signed, filed, was listed as counsel of record on, or otherwise caused the filing of those motions;

(2) non-privileged communications involving Defendant Anderson or Defendant Keegan concerning Plaintiff, the First Motion, the Second Motion, or the email exchanges of February 9, 2026 and February 10, 2026 identified in Section L of the Second Amended Complaint;

(3) the coordination alleged in Count II of the Second Amended Complaint between and among Defendants, and non-privileged communications and interactions between any Defendant and representatives of Defendant Meta Platforms, Inc. or non-party Accenture LLP concerning Plaintiff and the conduct alleged;

(4) whether and when Defendant Meta Platforms, Inc. filed a CyberTipline report with the National Center for Missing & Exploited Children ("NCMEC") concerning Plaintiff or Plaintiff's Facebook account under 18 U.S.C. § 2258A, and the existence, content, custodial handling, and disposition of any such report;

(5) the factual basis, or absence of factual basis, for the assertion in the First Motion of a "legitimate community standards violation by Ballentine" and for the assertion in the Second Motion of "a legitimate violation of another

9

community standard unrelated to CSE," including whether any specific content, any specific community standard, or any specific factual predicate supports either assertion;

(6) the dissemination, republication, and continued public accessibility of the First Motion and the Second Motion, including through the federal Public Access to Court Electronic Records (PACER) system;

(7) Defendant Keegan's entry of appearance in, and actions taken by him in the course of, the Federal Action, and Defendant Keegan's participation in the conduct alleged in Counts II and III of the Second Amended Complaint, including the email exchanges of February 10, 2026;

(8) Plaintiff's damages, including reputational injury, economic harm, and severe emotional distress; and

(9) facts material to any affirmative defense, including the Florida litigation privilege — specifically, whether each challenged statement was made in the course of a judicial proceeding, whether each challenged statement bore some relation to the proceeding in which it was made, and whether the email conduct alleged against Defendant Keegan constitutes an act occurring during the course of a judicial proceeding.

**Defendants Anderson and Keegan's Position:**
As discussed above in Section 2, Defendants Anderson and Keegan object to discovery at this time because their Motion to Dismiss may eliminate the need for discovery, and this requirement should be stayed until the Court rules on the Motion to Dismiss.

C. Discovery should be conducted in phases:

☒  No.

☐  Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒  No.

☐  Yes; describe the issue(s).

**Plaintiff's Note on ESI Preservation:** Plaintiff does not, at this time, identify specific ESI disputes requiring Court attention at the CMR stage. Plaintiff

nonetheless requests that Defendants confirm on the record that litigation holds are operative concerning: (a) email and messaging communications at Kirkland & Ellis LLP concerning Plaintiff, the First Motion, the Second Motion, and the email exchanges of February 9, 2026 and February 10, 2026 identified in Section L of the Second Amended Complaint; (b) internal drafting and review materials at Kirkland & Ellis LLP for the First Motion and the Second Motion; and (c) records held by Defendant Meta Platforms, Inc. concerning Plaintiff's account, Plaintiff's designation under Meta's child sexual exploitation policy, communications between Defendant Meta Platforms, Inc. and non-party Accenture LLP relating to the review of Plaintiff's account, and any CyberTipline report filed with NCMEC under 18 U.S.C. § 2258A. Plaintiff reserves the right to raise specific ESI issues if they arise during discovery.

E. ☐   The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The parties will comply with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. If necessary, the parties may later request entry of a Rule 502(d) order.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.

☐  Yes; describe the stipulation.

## 10.    Request for Special Handling

☒   The parties do not request special handling.

☐   The parties request special handling. Specifically, describe requested special handling.

☐   Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11.    Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12.    Signatures

/s/ Marvelle J. Ballentine
Marvelle J. Ballentine
Plaintiff, *pro se*
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
Telephone: (407) 794-6503
Email: jayballentine@protonmail.com
4/27/2026


/s/ *Marianna C. Chapleau*
Marianna C. Chapleau, Esq.
Counsel for Defendants Devin S. Anderson
and Christopher W. Keegan
4/27/2026


/s/ *Patrick Malone*
Patrick Malone, Esq.
Counsel for Defendants Devin S. Anderson
and Christopher W. Keegan
4/27/2026