# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARVELLE J. BALLENTINE,**

      **Plaintiff,**

v.                                                          **Case No: 6:26-cv-0286-AGM-DCI**

**DEVIN ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER KEEGAN,**

      **Defendants.**

---

## ORDER

Plaintiff Marvelle J. Ballentine (Ballentine), proceeding *pro se*, filed the instant motion seeking "to file documents electronically through the CM/ECF in this case, and to receive electronic notices[.]" Doc. 3 at 2 (the Motion). As will be explained, the Motion is due to be **GRANTED IN PART**.

In the Motion, Ballentine asserts that, "Authorizing Plaintiff to file electronically will promote efficient case administration by reducing paper filing and scanning burdens and enabling prompt docketing and service through the CM/ECF system." *Id.*

On August 1, 2025, the Middle District of Florida discontinued the web portal—an electronic filing platform for *pro se* litigants.[1] Now, "[a]bsent a court order, a pro se litigant is not

---

[1] *See* United States District Court Middle District of Florida, *Lawyer Web Portal*, https://apps.flmd.uscourts.gov/cmecf/filings.cfm (last visited on Oct. 17, 2025) ("Litigants without lawyers are not permitted to submit filings through the court's web portal. Instead, litigants without lawyers must submit filings in person, by U.S. Mail, or by other delivery service."); *see also Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025) ("Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended.").

permitted to file documents in CM/ECF." United States District Court Middle District of Florida, *Administrative Procedures for Electronic Filing*, at B(4) (Nov. 18, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Ballentine has not shown extenuating circumstances or good cause to authorize his access to file via CM/ECF. Since the Court's discontinuation of the *pro se* Web Portal on August 1, 2025, Ballentine has made numerous filings on the docket and participated in this case without CM/ECF access. *See e.g.,* Docs. 4, 8-10, 12, 14, 15, 16-17, 19-20, 22-23, 29-32, 39-40, 46-47, 51-55. Further, the Court is not convinced that the filing of future documents in person, by U.S. Mail, or by other delivery service will be unduly burdensome and prejudicial. All *pro se* parties filing in this district are subject to the limitations inherent in paper filing, and the Federal Rules of Civil Procedure account for such processing time by adding three days to the applicable deadlines in certain circumstances. *See* Fed. R. Civ. P. 6(d) (citing Rules 5(b)(2)(C) and 6(a)). Accordingly, The Court is not persuaded that CM/ECF filing access is necessary for Ballentine to litigate this matter.

That said, the Court in its discretion may grant a *pro se* party permission to receive electronic notice of filings.[2] *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, 2023 WL 4947933 (M.D. Fla. Aug. 3, 2023) (authorizing electronic notification of filings for a pro se litigant).  Parties that receive electronic notice of filing receive "an email confirmation of the filing that is sent to each E-filer of record in the case and to any other individual authorized by the Court to receive electronic notifications of case filings." *Admin. Proc. for Elec. Filing*, at D(1).  Further, "[a] non-sealed document filed electronically can be viewed for the first time for free from the document link within the [notice].  The hyperlink expires after the earlier of two events: the first use or 15 days after the [notice] is emailed," after which a party must access PACER—and pay the required fees—to view a document.  *Id.* at D(2).  It is recommended that a party obtaining a document in this manner open the document and save it for future use, as the document may be accessed for free only during the first view.  Thus, Ballentine's request to receive email notification of filings is well-taken and will be granted.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 3) is **GRANTED IN PART** to the extent that Ballentine seeks authorization to receive electronic notice of filings in this case;

2. **DENIED without prejudice** in all other respects; and

3. The Clerk is directed to add Ballentine's email address, jayballentine@protonmail.com, to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on May 1, 2026.

Copies furnished to:
Counsel of Record
Unrepresented Party

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Ballentine may also consent to receive electronic service from other parties in this case by filing a notice of consent to electronic service.  *See* Fed. R. Civ. P. 5(b)(2)(E).