# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARVELLE J. BALLENTINE,

      Plaintiff,

                                    Case No. 6:26-cv-00286-AGM-DCI

    v.

                                      Judge Anne-Leigh Gaylord Moe

DEVIN S. ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER W. KEEGAN,

      Defendants.

_____/

## DEFENDANTS DEVIN S. ANDERSON AND CHRISTOPHER W. KEEGAN'S OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants Devin S. Anderson and Christopher W. Keegan (collectively, the "Attorney Defendants") respectfully request that the Court deny Plaintiff's Time-Sensitive Motion to Drop Defendants Meta Platforms, Inc. and Christopher W. Keegan Under Rule 21 and for Leave to File a Narrowed Third Amended Complaint to the extent it seeks leave to amend the complaint.

## INTRODUCTION

Plaintiff Marvelle J. Ballentine ("Plaintiff"), proceeding *pro se*, asserts in his motion that he "seeks to narrow this action" by dropping his claims for intentional infliction of emotional distress and conspiracy against Defendant Christopher W. Keegan ("Keegan") and Meta Platforms, Inc. ("Meta"), and focusing solely on the

remaining defamation claim against Devin S. Anderson ("Anderson"). Dkt. No. 66. As the Attorney Defendants argued in their motion to dismiss, all Plaintiff's claims are meritless, and the Attorney Defendants agree that the claims against Keegan should be dismissed. Dkt. No. 26. To the extent that Plaintiff wishes to remove those claims from the litigation by stipulation or withdraw his opposition to the Attorney Defendants' pending motion to dismiss those claims, the Attorney Defendants will not oppose Plaintiff's efforts to narrow this cause of action. That said, to the extent Plaintiff seeks leave to amend the complaint for a third time, his motion should be denied for multiple reasons.

First, Plaintiff's request to amend is part of a pattern in which Plaintiff continuously seeks to avoid an adjudication of his harassing and meritless claims. Plaintiff first employed this strategy when suing the Attorney Defendants' client in California where Plaintiff amended the complaint immediately after the defendants filed motions to dismiss and then voluntarily dismissed the action after the defendants moved for a second time to dismiss Plaintiff's amended complaint. Plaintiff also voluntarily dismissed his claims against the Attorney Defendants that were first filed in Florida state court, after the Attorney Defendants filed two motions to dismiss those claims. Now, here, Plaintiff again is seeking to amend the complaint after the defamation claim against Anderson has been fully briefed in a motion to dismiss that is pending before the Court. Particularly given that Plaintiff affirms in his motion that he does not intend to add any new claims or factual allegations against Anderson, restarting the clock and requiring an additional round of duplicative dismissal briefing

2

on the exact same claim would cause undue delay and prejudice, and indeed, that appears to be the point of Plaintiff's request.  Plaintiff should not be allowed to delay resolution of this action by amending his complaint again to plead the same defamation claim against Anderson for the sixth time across two lawsuits.

Second, amending the complaint would be futile.  Plaintiff's defamation claim against Anderson is based entirely on statements made in pleadings filed in judicial proceedings and is therefore barred by Florida's litigation privilege. No amendment could overcome Anderson's immunity defense, and allowing Plaintiff to amend the complaint simply to drop other defendants and claims would be futile.  This Court should deny Plaintiff's motion to the extent it seeks leave to file a Third Amended Complaint and grant the Attorney Defendants' pending motion to dismiss.

## BACKGROUND

Plaintiff first sued Meta and the Attorney Defendants' client, Accenture LLP ("Accenture") for discrimination in the U.S. District Court for the Northern District of California.  *See Ballentine v. Meta Platforms, Inc., et al.*, Case No. 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025) (the "California Lawsuit").  After amending his complaint in that action, two rounds of dismissal briefing, and facing a hearing on the motions to dismiss, Plaintiff voluntarily dismissed his California Lawsuit and refiled the same discrimination claims in this Court.  *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026).

At the same time, Plaintiff brought this action against Anderson for defamation based on arguments Anderson made on behalf of Accenture in its two motions to

3

dismiss filed in the California Lawsuit. Dkt. No. 1.[1] Plaintiff then amended his complaint two days after the initial filing, adding Keegan as a defendant. Dkt. No. 4. Plaintiff then amended the complaint a second time, dropping Accenture and the Attorney Defendants' law firm for jurisdictional reasons raised by the Court. Dkt. No. 20. The Attorney Defendants moved to dismiss the operative Second Amended Complaint on March 18, 2026. Dkt. No. 26. Plaintiff filed an opposition on March 23, and the Attorney Defendants filed a reply on April 3—thus completing the dismissal briefing. Dkt. Nos. 29, 42.

More than a month later, Plaintiff sought leave to file a third amended complaint. Dkt. No. 60. Plaintiff explained that his proposed amendment would "add[] factual allegations concerning conduct by Defendants that postdates the operative pleading, including conduct on and after March 25, 2026, in support of the existing defamation, civil conspiracy, and intentional infliction of emotional distress claims." *Id.* ¶ 2.

Defendants jointly opposed Plaintiff's motion. Dkt. No. 65. Defendants argued that the motion was improper because Plaintiff had "fail[ed] to either identify the substance of the proposed amendment or attach it to his request" and that leave should

---

[1]    After initiating this action, Plaintiff also sued the Attorney Defendants, Accenture, Meta, and other parties in Florida state court. *Ballentine v. Meta Platforms, Inc., et al.*, Case No. 35-2026-CA-000494 (Fla. 5th Cir. Ct. Mar. 2, 2026). He asserted state-law claims based on the same alleged conduct in this action as well as claims based on the original conduct asserted in the California Lawsuit. *Id.* After the case was properly removed to this federal Court—and again, after the Attorney Defendants filed two dismissal motions—Plaintiff voluntarily dismissed the action without prejudice. *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 5:26-cv-00213-AGM-PRL (M.D. Fla. Mar. 25, 2026).

additionally be denied because "granting leave would both be futile and unduly prejudice Defendants." *Id.* at 2.

The day after Defendants filed their opposition, Plaintiff filed this motion, seeking (1) to drop Keegan and Meta from the lawsuit, (2) to amend the complaint to "narrow[]" the complaint to be "only against Defendant Devin. S. Anderson on one count for defamation," and (3) to deny as moot Plaintiff's previous motion for leave to amend the complaint to the extent that it "sought leave to file a different proposed pleading." Dkt. No. 66 at 1-2. Nowhere in Plaintiff's motion does he assert that he intends to supplement the allegations with conduct that postdates the operative complaint, like he did in his previous motion. To the contrary, Plaintiff affirms that his proposed amendment does not include any "new claim, [ ] new factual theory, or new conduct." *Id.* at 3. Like his previous motion for leave to amend, however, Plaintiff did not attach a proposed amended complaint nor identify what, if anything, he would be adding apart from removing defendants and claims.[2]

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments of pleadings. Fed. R. Civ. P. 15(a). An amendment under Rule 15(a) "is not an automatic right." *Faser v. Sears*, 674 F.2d 856, 859–60 (11th Cir. 1982). "Leave to

---

[2] If Plaintiff does intend to add substantive allegations to his amended complaint, his motion would fail for the additional reason that he has failed to "either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).

amend may be denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Johnson v. United States*, 2025 WL 3471657, at *1 (M.D. Fla. Dec. 3, 2025) (quotation omitted). "The party seeking leave to amend under Rule 15 bears the burden of establishing his entitlement to it." *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014).

## ARGUMENT

I.  **Plaintiff's Motion Should Be Denied Because Amendment Would Cause Undue Delay and Prejudice.**

Allowing Plaintiff to amend the complaint for a third time serves no valid purpose and would cause undue delay and prejudice to Anderson. "A court may deny a motion for leave to amend if the court finds undue delay and undue prejudice to the defendants." *Brick v. Unum Life Ins. Co. of Am.*, 2005 WL 5950106, at *3 (M.D. Fla. Oct. 13, 2005). When amending a complaint threatens to "delay[] disposition of the case," Plaintiff must "show good cause for the eleventh hour amendment." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (affirming the denial of leave to amend and noting that the plaintiff did not explain the reason for the delay when the substance of the proposed amendment "was known early on"). Even for *pro se* plaintiffs, once the plaintiff has had an opportunity to amend his complaint—and especially where, as here, "a more carefully drafted complaint" still would not state a claim—"nothing compel[s] the district court to

6

continue to offer [the plaintiff] additional opportunities to further amend his complaint," and permitting a plaintiff to continue to file claims that are not viable "cause[s] undue delay and prejudice." *Makere v. Early*, 2023 WL 7130938, at *3 (11th Cir. Oct. 30, 2023).

Here, in addition to repeated filings that he has amended and ultimately dismissed, Plaintiff has already amended his complaint twice, including by dropping other named defendants in an earlier amendment, and he has not met his burden of showing good cause for amending his complaint again. The Attorney Defendants filed their motion to dismiss on March 18, and the full round of dismissal briefing was completed more than a month ago. Allowing Plaintiff to amend his complaint for the third time now to drop defendants and claims that he could have dropped in earlier amendments would "cause[] undue delay and expense, and result[] in unfair prejudice." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (noting that "[t]he facts upon which the claims … were based were available at the time the complaints were filed").

Furthermore, given that Plaintiff is not proposing to change the substance of his defamation claim against Anderson, such amendment is particularly prejudicial because it will require Anderson to engage in duplicative dismissal briefing on the exact same claim. *Peel v. R.J. Reynolds Tobacco Co.*, 2000 WL 35547520, at *1 (N.D. Ga. Jan. 6, 2000), *aff'd*, 232 F.3d 216 (11th Cir. 2000) (denying leave to amend when permitting the amendment would "mean[] the necessity for a third motion to dismiss and more months of delay in addressing the merits of the motion"). Thus, Plaintiff's

motion should be denied to the extent it seeks leave to file a Third Amended Complaint simply to remove certain defendants and claims while leaving untouched a frivolous claim that is already the subject of completed dismissal briefing. *See Nwobi v. Azar*, 2020 WL 13369424, at *3 (M.D. Fla. Aug. 5, 2020) (denying plaintiff's motion for leave to amend because the claims plaintiff sought to drop could have been voluntarily dismissed under Federal Rule of Civil Procedure 41 and additional amendment would cause undue delay "in determining whether the [] [d]efendants [were] indeed immune from suit").

Finally, Plaintiff's motion appears to be part of a pattern where he files lawsuits, imposes costs on defendants, and then seeks to avoid adjudication on the merits of his claims. In the California Lawsuit, the defendants filed their first motion to dismiss, and Plaintiff amended his complaint immediately afterwards. *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 3:25-cv-07671-CRB (N.D. Cal. Sept. 9, 2025), Dkt. No. 34. Then, after the defendants filed their second motions to dismiss, and a hearing was set on the motions, Plaintiff voluntarily dismissed that action and refiled his claims in this Court. *Id.*, Dkt. No. 63; *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026). In the parallel action that originated in state court, Plaintiff similarly amended his complaint one day after the Attorney Defendants moved to dismiss. *Ballentine v. Meta Platforms, Inc. et al.*, 5:26-cv-00213-AGM-PRL (M.D. Fla. Mar. 25, 2026), Dkt. No. 32. After the Attorney Defendants filed a second dismissal motion, Plaintiff moved for voluntary dismissal of the action. *Id.*, Dkt. Nos. 36, 38. And in Plaintiff's other federal action arising out of the

same facts as the California Lawsuit, he also seeks leave to amend his complaint for a second time after all defendants have moved to dismiss. *Ballentine v. Meta Platforms, Inc. et al.*, Case No. 6:26-cv-00376-AGM-DCI (M.D. Fla. Feb. 17, 2026), Dkt. Nos. 105, 111, 112. Enough is enough, and Plaintiff should not be able to delay any further this Court's resolution of the merits of Plaintiff's claim here. Plaintiff's motion, to the extent it seeks leave to amend, should be denied.

## II.    Plaintiff's Motion Should Be Denied Because Amendment Would Be Futile.

In addition to causing undue delay and prejudice, Plaintiff's proposed amendment would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Plaintiff seeks leave to amend the complaint simply to drop defendants and claims, but such proposed amendment could not cure the defects in the remaining defamation claim against Anderson.

As set forth in the Attorney Defendants' motion to dismiss, the defamation claim against Anderson is entirely barred by Florida's litigation privilege. The alleged defamatory statements were all made in pleadings filed with the court in the California Lawsuit, and thus such statements are not actionable as a matter of law. *See United States v. Madison*, 812 F. Supp. 3d 1233, 1249 (M.D. Fla. 2025) (holding that alleged defamatory statements made in court filings are "categorically immune from liability under the litigation privilege doctrine"). As such, any amendment of the Second Amended Complaint would be futile as to Plaintiff's defamation claim against Anderson. *Kaplan v. Regions Bank*, 2018 WL 3642576, at *4 (M.D. Fla. Aug. 1, 2018)

(finding that "amendment would be futile" because "all of [plaintiff's] claims are related to [defendant's] conduct in initiating and prosecuting the Underlying Litigation" and are thus barred by the litigation privilege).  On this basis alone, the Court should deny Plaintiff's motion for leave to amend the Second Amended Complaint.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" (citation omitted)).

## CONCLUSION

For the foregoing reasons, Defendants Devin S. Anderson and Christopher W. Keegan respectfully request that the Court deny Plaintiff's Time-Sensitive Motion to Drop Defendants Meta Platforms, Inc. and Christopher W. Keegan Under Rule 21 and for Leave to File a Third Amended Complaint to the extent that it seeks leave to amend the Second Amended Complaint.

Dated: May 22, 2026

Respectfully submitted,

*Marianna C. Chapleau*
Marianna C. Chapleau (FBN. 1059142)
Patrick Malone (FBN. 1051725)
KIRKLAND & ELLIS LLP
830 Brickell Plaza
Miami, FL 33131
Telephone: 305 432-5600
Fax: 305 432-5601
mchapleau@kirkland.com
patrick.malone@kirkland.com

*Counsel for Defendants Devin S. Anderson*
*and Christopher W. Keegan*

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 22, 2026, I electronically filed the foregoing

through the Middle District of Florida's CM/ECF System, which will serve Notice of

Filing on Plaintiff and all counsel of record.  I certify that I also caused a true and

correct copy of this document to be served via FedEx to Plaintiff at the address below:

Marvelle J. Ballentine
7862 W. Irlo Bronson Memorial Hwy.
#82
Kissimmee, FL 34747
jayballentine@protonmail.com

*Marianna C. Chapleau*
Marianna C. Chapleau

11