**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

    *Plaintiff,*

       v.                      Case No. 6:26-cv-00286-AGM-DCI

DEVIN S. ANDERSON; META PLATFORMS, INC.;
and CHRISTOPHER W. KEEGAN,

    *Defendants.*

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR ADDITIONAL TIME TO COMPLY WITH SECTION VIII OF THE STANDING ORDER REQUIRING DISCLOSURE OF THE USE OF ARTIFICIAL INTELLIGENCE

### TIME-SENSITIVE DESIGNATION

This motion is designated time-sensitive under Local Rule 3.01(f). The Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. 70) was entered May 27, 2026. Section VIII of the Standing Order requires that a Certification of Compliance With Rule 11 be filed within ten days of entry. The current deadline is June 5, 2026. Section IX provides that filings may be stricken without prejudice if no Section VIII certification appears on the docket within that period. Ruling on this motion before June 5, 2026, is necessary to preserve the relief sought.

## I.    INTRODUCTION

Plaintiff Marvelle J. Ballentine, pro se, respectfully moves the Court for an additional forty-five (45) days within which to comply with Section VIII of the Standing Order Requiring Disclosure of the Use of Artificial Intelligence (Dkt. 70), entered May 27, 2026. The current Section VIII deadline is June 5, 2026. Plaintiff respectfully requests that the deadline be extended to July 20, 2026.

## II.    BACKGROUND

1. The Standing Order was entered on May 27, 2026. Section VIII directs filers to submit a Certification of Compliance With Rule 11 within ten days of entry, identifying prior docket entries and attesting either that artificial intelligence was not used or that, if used, every authority cited was personally reviewed by the filer. The current deadline is June 5, 2026.

2. Plaintiff began the review process upon entry of the Standing Order to comply within the ten-day period. Upon commencing that review, Plaintiff determined that the volume of authorities cited across the filings subject to Section VIII cannot responsibly be personally verified within the time provided.

3. Plaintiff is litigating two active matters before this Court: this action and the companion action pending as Case No. 6:26-cv-00376-AGM-DCI. The filings subject to Section VIII span both dockets. A parallel motion is being filed in Case No. 6:26-cv-00376-AGM-DCI.

## III.    GROUNDS FOR EXTENSION

2

4. Plaintiff takes his obligations under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1746 seriously. The Section VIII certification is made under penalty of perjury. Personal review of each cited authority, as Section VI.B and Section VII of the Standing Order require, takes time that the ten-day period does not afford.

5. The additional time requested will permit Plaintiff to complete the personal review the Standing Order requires and to submit a Section VIII certification consistent with Rule 11 and 28 U.S.C. § 1746.

6. No party will be prejudiced by the requested extension. No deadline applicable to any Defendant is affected by the relief requested.

## IV.    REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court extend the Section VIII compliance deadline from June 5, 2026, to July 20, 2026.

3

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff certifies that on May 27, 2026, Plaintiff conferred by email with counsel for all Defendants.  As of the date of this filing, Defendants have not responded.

Date: June 2, 2026                              Respectfully submitted,

Marvelle J. Ballentine
Plaintiff, pro se
7862 W. Irlo Bronson Memorial Hwy #82
Kissimmee, FL 34747
(407) 794-6503
jayballentine@protonmail.com

## CERTIFICATION UNDER SECTION VI.B OF THE STANDING ORDER

### Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: a large language model assistant was used to help with drafting, structural organization, and editorial review of this motion. No case or other legal authority is cited in this motion, and the assistant did not generate any cited authority. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether

I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Executed under penalty of perjury this 2nd day of June, 2026.

Marvelle J. Ballentine
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I caused the foregoing to be filed with the Clerk of the Court, which will serve a copy on all counsel of record via the Court's CM/ECF system.

Marvelle J. Ballentine
Plaintiff, pro se