**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARVELLE J. BALLENTINE,

                **Plaintiff,**

v.                                         **Case No: 6:26-cv-0286-AGM-DCI**

DEVIN ANDERSON, META
PLATFORMS, INC., and
CHRISTOPHER KEEGAN,

                **Defendants.**

---

### ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* on review of the docket of this case. As there is no obvious connection of this action to the Orlando Division of the Middle District, but there is such a connection to the Ocala Division, the parties will be required to show cause why this case should not be transferred to the Ocala Division of the Middle District.

Plaintiff initiated this action by filing a complaint in the Orlando Division of the Middle District. Doc. 1. In doing so, Plaintiff's signature block identifies an address in Kissimmee in Osceola County, Florida. Doc. 1 at 20. However, in the section of the Complaint titled, "Parties," Plaintiff alleges that, "Plaintiff Marvelle J. 'Jay' Ballentine is an individual and a citizen of the State of Florida, domiciled in Clermont, Lake County, Florida." Doc. 1 at 4. None of the Defendants are alleged to be citizens of Florida. Doc. 1 at 4-5. As to venue, Plaintiff merely alleges that venue is appropriate in the Middle District; nothing is alleged concerning a division of the Middle District. Doc. 1 at 3. Further, other than the single reference to Lake County, there do

not appear to be any allegations in the complaint that relate to any city, town, county, or division of the Middle District.  *See* Doc. 1.  Plaintiff has since filed a first amended complaint and a second amended complaint, and the foregoing allegations (or lack thereof) remain.  *See* Docs. 4; 20.  In response to an order to show cause, Plaintiff again alleged that, "Plaintiff Marvelle J. Ballentine is an individual and a citizen of the State of Florida, domiciled in Clermont, Lake County, Florida." Doc. 14.

Both the Local Rules of the Middle District and a federal statute may apply here.  Pursuant to Local Rule 1.04(b):

> DIVISION FOR A CIVIL ACTION. A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced. Unless otherwise administratively ordered by the chief judge, the judge must transfer the action to the division most consistent with the purpose of this rule.

Lake County is within the Ocala Division of the Middle District, and Osceola County is within the Orlando Division of the Middle District.  Local Rule 1.04(a).  Further, even though Local Rule 1.04(b) may be a sufficient cause to transfer this case, 28 U.S.C. § 1406(a) may also require transfer.  That statute reads as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Here, the only allegation on the face of the pleadings in this case links this action to the Ocala Division: Plaintiff is domiciled in Clermont, Lake County, Florida.  The only possible connection of this case to the Orlando Division is Plaintiff's address in the signature block of his filings.  But that address appears to be a UPS Store located just over the Lake County line in Osceola County.  Thus, it appears that the only connection this case has to the Orlando Division is

2

the fact that the UPS Store mailbox that Plaintiff is using for his mailing address happens to be in Osceola County.

Plaintiff has filed three somewhat related actions recently that have come to the Middle District. This happens to be the first-filed of those cases. Plaintiff filed this case in the Middle District, and it was docketed as an Orlando Division case. Plaintiff initiated the second-filed case in the Middle District, and the case was also docketed as an Orlando Division case. 6:26-cv-376-AGM-DCI. However, Plaintiff initiated the third-filed case in state court in Lake County, Florida, and it was removed to the Middle District. *See* 5:26-cv-213-AGM-DCI, at Doc. 1. In the state court complaint in that case, Plaintiff alleged that, "Plaintiff Marvelle J. "Jay" Ballentine is an individual who operated a mobile RV repair business in Florida, domiciled in Clermont, Lake County, Florida." 5:26-cv-213-AGM-DCI, Doc. 1-1 at 5. The second-filed case has been transferred to the Northern District of California, and Plaintiff voluntarily dismissed the third-filed case. *See* 6:26-cv-376-AGM-DCI, Doc. 121; 5:26-cv-213-AGM-DCI, Doc. 39. Yet it bears noting that, based on the filing of the third case in Lake County state court, it appears that Plaintiff may now prefer to proceed in a different venue.

Regardless, it appears that this case should have been initiated in the Ocala Division of this Court due to Plaintiff's connection to Lake County and the lack of any allegation or other connection to a county within the Orlando Division of the Middle District. And because both Local Rule 1.04(b) and § 1406(a) direct transfer to the appropriate division—the former stating "must," and the latter stating "shall" transfer—the Court will require the parties to show cause why this case should not be transferred to the Ocala Division of the Middle District.

Accordingly, it is **ORDERED** that, on or before June 22, 2026, the parties shall show cause in writing why this case should not be transferred to the Ocala Division of the Middle District of

Florida.  Failure to respond to this Order within the time provided will be considered acquiescence to transfer.  If a party does not object to transfer, they may simply file a response stating that they do not object to transfer.

**ORDERED** in Orlando, Florida on June 5, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE